MAC'S CAR CITY, INC. *v.* PELINO S. DiLORETO ET AL.
(12373)

FOTI, LANDAU and HEIMAN, Js.

Argued November 4—decision released November 30, 1993

*Vincent F. Sabatini,* with whom was *Paul M. Cramer,* for the appellants (named defendant et al.).

*Michael P. Barry,* for the appellee (plaintiff).

PER CURIAM. The defendants Pelino DiLoreto and Joanne DiLoreto[1] appeal from the summary judgment rendered against them on the plaintiff's complaint and on their special defenses in this foreclosure action.

In its complaint, the plaintiff sought foreclosure of a judgment lien placed on real estate, possession of the

---

[1] While the plaintiff's complaint names other defendants, they are not parties to this appeal. Therefore, we refer to Pelino DiLoreto and Joanne DiLoreto as the defendants.

premises, attorney's fees, costs, a receiver of rents and such other relief as the court deemed equitable. In its judgment, the trial court decreed that there was no genuine issue of material fact and that the plaintiff was entitled to summary judgment. The trial court has yet to fix the amount of the debt, to determine the amount of attorney's fees or even to determine whether the foreclosure shall be strict or by sale. In short, the court did not determine the myriad of issues that must be resolved in order to render an effective final judgment of foreclosure.

This matter is controlled by our decision in *Essex Savings Bank* v. *Frimberger,* 26 Conn. App. 80, 597 A.2d 1289 (1991). A judgment such as the one rendered herein is interlocutory in character and is not a final judgment from which an appeal properly lies. Id., 80–81. Further, the interlocutory judgment in this case does not fall within either of the narrowly defined exceptions to the general rule that proscribes appeals from judgments that are not final. *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

The lack of a final judgment implicates the authority of this court to hear the appeal because it is a jurisdictional defect. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 86, 495 A.2d 1063 (1985); *Southington* v. *Pierce,* 29 Conn. App. 716, 722, 617 A.2d 929 (1992). Even though the parties may expressly agree to have this case decided by us, their action cannot confer jurisdiction on this court where it does not exist. *State* v. *Curcio,* supra, 30. Thus, even where the appellee fails to bring to our attention the lack of final judgment, either by motion to dismiss or in its brief, or at oral argument, we must, nonetheless, act sua sponte. *Essex Savings Bank* v. *Frimberger,* supra, 81.

The appeal is dismissed, sua sponte, for lack of a final judgment.