### NEW ENGLAND SAVINGS BANK *v*. DENNIS P. NICOTRA ET AL.
### (14652)

PETERS, C. J., CALLAHAN, BERDON, PALMER and M. HENNESSEY, Js.

Argued June 8—decision released July 19, 1994

*Thomas A. Gugliotti,* with whom, on the brief, were *Ann M. Siczewicz* and *Stephen W. Aronson,* for the appellant (plaintiff).

*Matthew M. Hausman,* with whom were *Barry K. Stevens* and, on the brief, *Kellie J. Garner,* for the appellee (Federal Deposit Insurance Corporation as receiver of the intervening defendant First Constitution Bank).

PER CURIAM. In this certified appeal, the only issue is whether an immediate appeal may be taken from an order of the trial court directing a receiver to disburse funds collected during an ongoing receivership. The plaintiff, New England Savings Bank, brought an action to foreclose its second mortgage on property owned by the defendant Dennis P. Nicotra (debtor).[1] The first mortgagee, First Constitution Bank (intervenor), received permission to intervene as a party defendant.[2] The trial court granted the plaintiff's petition for a rent receivership, but, despite the plaintiff's

[1] The plaintiff, New England Savings Bank, was the successor-in-interest to OmniBank of Connecticut, Inc., the original payee of promissory notes executed by the debtor and the original mortgagee of mortgages executed by the debtor as security for these promissory notes.

The Union Trust Company was also named as a defendant in the plaintiff's foreclosure action. It is not involved in this appeal.

[2] During the pendency of the petition for certification, the Federal Deposit Insurance Corporation was appointed as receiver for the intervenor and moved to be substituted as the intervening defendant-appellee. On October 28, 1992, the Appellate Court granted the motion to substitute.

objection, directed the receiver to pay to the intervenor whatever rent receipts remained after payment of maintenance expenses and a maintenance reserve. The plaintiff appealed from the trial court's order to the Appellate Court, which granted the motion of the intervenor to dismiss the appeal for lack of a final judgment. We granted the plaintiff's petition for certification to review the merits of the dismissal[3] and now conclude that certification was improvidently granted.

The procedural history of the trial court's receivership orders starts with the court's order of November 26, 1991, which, at the plaintiff's request, appointed a receiver in the plaintiff's action to foreclose its second mortgage. The order not only directed the receiver to collect the rents and to pay necessary maintenance expenses, but also directed the receiver to pay any excess funds, after the payment of expenses, to the intervenor. The plaintiff objected to the second part of the court's order. On December 17, 1991, in response to the plaintiff's motion for reconsideration, the court directed that any excess collected funds be placed in an interest bearing escrow account pending the outcome of a prompt trial in the intervenor's separate action to foreclose its first mortgage. After a trial of the intervenor's first mortgage foreclosure action, in which the plaintiff participated, the trial court rendered

---

[3] We granted the plaintiff's petition for certification to appeal, limited to the following issue: "Whether an order for disbursements of the receiver's funds prior to vesting of title and assessment of a deficiency is an appealable interlocutory order?" *New England Savings Bank* v. *Nicotra,* 224 Conn. 919, 617 A.2d 173 (1992).

On May 21, 1993, after the filing of the briefs on the certified appeal, the Federal Deposit Insurance Corporation was appointed as receiver for the plaintiff. In this capacity, the Federal Deposit Insurance Corporation moved, on June 9, 1993, for a ninety day stay of the appellate proceedings pursuant to 12 U.S.C. § 1821 (d) (12). The stay was granted by this court on June 14, 1993. Thereafter, Citizens Savings Bank took over the asset involved in this case and its motion to be substituted as the plaintiff-appellant was granted by this court on May 25, 1994.

a judgment of strict foreclosure and determined that the debt exceeded the value of the property by approximately $800,000. On May 11, 1992, the trial court granted the motion of the intervenor to modify its prior order and directed the receiver to resume payment to the intervenor of any funds available after payment of necessary current operating expenses and setting aside a $40,000 maintenance reserve for unanticipated expenses. Although the receivership has not been concluded and the plaintiff's second mortgage foreclosure action is still pending, the plaintiff has appealed the trial court's May 11, 1992 order.

In the circumstances of this case, our case law supports the Appellate Court's dismissal of the plaintiff's appeal. "No appeal lies from the appointment of a receiver of rents in a foreclosure action. *Young* v. *Polish Loan & Industrial Corporation,* 126 Conn. 714, 715, 11 A.2d 395 (1940); *Silver* v. *Kingston Realty Corporation,* 114 Conn. 349, 350n, 158 A. 889 (1932). Review of that ruling must await an appeal from the final judgment of foreclosure. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 192 Conn. 1, 5, 469 A.2d 778 (1984)." *Hartford National Bank & Trust Co.* v. *Tucker,* 195 Conn. 218, 223, 487 A.2d 528, cert. denied, 474 U.S. 845, 106 S. Ct. 135, 88 L. Ed. 2d 111 (1985). "A ruling concerning the propriety of the rent receiver's conduct of the receivership is as interlocutory as is his initial appointment." *Hartford Federal Savings & Loan Assn.* v. *Tucker,* supra, 5. Furthermore, "[a]lthough a receivership takes designated funds out of the control of the mortgagor, it does not vest their control in the foreclosing mortgagee, who 'has no claim upon the income and profit in [the receiver's] hands as such'; since the funds are legally in the possession of the court subject to whatever disposition it may order." Id., 7.

As an interlocutory order, the trial court's ruling would be immediately appealable only if it met the two part test articulated in *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). We are persuaded, however, that, in the circumstances of this case, an order directing a receiver's disbursement of funds prior to a judgment of foreclosure is neither an "order or action [that] terminates a separate and distinct proceeding" nor is it an "order or action [that] so concludes the rights of the parties that further proceedings cannot affect them." Id.; see *Mac's Car City, Inc.* v. *DiLoreto,* 33 Conn. App. 131, 132, 634 A.2d 1187 (1993).

On the facts of this case we conclude that certification was improvidently granted.

The appeal is dismissed.