SAMUEL CRUZ *v.* MARIA T. GONZALEZ
(14634)

O'Connell, Landau and Schaller, Js.

---

Submitted on briefs November 6—decision released December 26, 1995

*Samuel Cruz*, pro se, the appellant (plaintiff), filed a brief.

SCHALLER, J. The plaintiff, Samuel Cruz, appeals from the trial court's order that he pay for the cost of a paternity test. The record reveals the following facts relevant to this appeal. The marriage of the plaintiff and the defendant was dissolved in 1992. In 1994, the plaintiff filed a motion to open the judgment of dissolution, seeking a modification of child support and a determination of the paternity of one of the minor children. The motion for modification of child support was granted on February 3, 1995, but no determination of paternity was made at that time. On March 8, 1995, the parties agreed to have a blood test for the paternity determination of a minor child. The agreement provided that the plaintiff could not pay for the testing and sought an order from the trial court waiving the fees. On February 8, 1995, the trial court ordered a test for paternity determination but made the plaintiff "responsible for unreimbursed cost above coverage by [the plaintiff's]

and [the defendant's] medical insurance, if available, for all persons tested."[1]

We raised, on our own motion, the question of whether the plaintiff's appeal has been taken from a final judgment.[2] "The lack of a final judgment implicates the authority of this court to hear the appeal because it is a jurisdictional defect." *Mac's Car City, Inc.* v. *DiLoreto*, 33 Conn. App. 131, 132, 634 A.2d 1187 (1993). "Thus, even where the appellee fails to bring to our attention the lack of a final judgment, either by motion to dismiss or in its brief, or at oral argument, we must, nonetheless, act sua sponte." Id.

" 'An order issued upon a motion for discovery is ordinarily not appealable because it does not constitute a final judgment, at least in civil actions.' " *Melia* v. *Hartford Fire Ins. Co.*, 202 Conn. 252, 255, 520 A.2d 605 (1987). As an interlocutory order, the trial court's order would be immediately appealable only if it met the two part test articulated in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). We conclude that the trial court's order in this case neither "terminates

---

[1] General Statutes § 46b-168 provides in pertinent part: "(a) In any proceeding in which the question of paternity is at issue the court or a family support magistrate, on motion of any party, may order genetic tests which shall mean deoxyribonucleic acid tests, to be performed by a hospital, accredited laboratory, qualified physician or other qualified person designated by the court, to determine whether or not the putative father or husband is the father of the child. The results of such tests shall be admissible in evidence to either establish definite exclusion of the putative father or husband or as evidence that he is the father of the child. . . .

"(c) The costs of making tests provided by this section shall be chargeable against the party making the motion, provided if the court finds that such party is indigent and unable to pay such costs, such costs shall be paid by the state. If the costs of making such tests are paid by the state and the respondent making the motion is subsequently adjudicated to be the father of the child, such respondent shall be liable to the state for the amount of such costs."

[2] The parties were given the opportunity to file supplemental briefs on the final judgment issue, but no briefs were filed.

a separate and distinct proceeding" nor "so concludes the rights of the parties that further proceedings cannot affect them." Id.

The appeal is dismissed, sua sponte, for lack of a final judgment.

In this opinion the other judges concurred.