[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This summary process action is based on the expiration of the defendants' right or privilege to possess the subject residential premises. The defendants have moved to dismiss the action. The motion to dismiss challenges the failure of the plaintiff to plead facts which establish standing under General Statutes §47a-23a.
The plaintiff's complaint alleges that since or before April 21, 1997 the defendants have been in possession of the premises, that a judgment of foreclosure by sale was rendered by the Superior Court, and that William Devane was the successful bidder at the auction sale. The complaint further avers that the prior owner, John Cannon (Cannon),[1] failed to redeem the property prior to the confirmation of the sale on October 14, 1997. Rather, on the day following the sale, Cannon, by his attorney filed a "motion for advice," requesting that the court allow him to redeem the property. The motion was denied on November 21, 1997. A closing was held on December 3, 1997, at which time Devane took title to the property. On December 12, 1997, Cannon appealed the order of the CT Page 4863 court denying his motion for advice. By virtue of the title acquired at the closing, the plaintiff claims to be a "landlord-at sufferance."
General Statutes § 47a-23 provides that a summary process action may be commenced by "the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact . . . " General Statutes § 47a-1(e) defines "owner" to mean "one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises and includes a mortgagee in possession."
General Statutes § 49-26 provides in part that "[w]hen a sale has been made pursuant to a judgment therefor and ratified by the court, a conveyance of the property sold shall be executed by the person appointed to make the sale, which conveyance shall vest in the purchaser the same estate that would have vested in the mortgagee or lienholder if the mortgage or lien had been foreclosed by strict foreclosure, and to this extent such conveyance shall be valid against all parties to the cause and their privies, but against no other persons." Thus, "[u]nder Connecticut law, a judicial sale becomes complete and creates a legal right to obligations among parties when it is confirmed and ratified by the court." Hartford Federal Savings Loan Assn. v.Tucker, 13 Conn. App. 239, 247, 536 A.2d 962, cert. denied,207 Conn. 805, 540 A.2d 374 (1988). Paragraph 6 of the complaint alleges: "A closing was held on December 3, 1997, at which time Plaintiff, William Devane paid to the Committee the amount set forth in the confirmation of sale and took title to the subject premises." This sufficiently alleges that pursuant to General Statutes § 49-26, the plaintiff is the owner of the property and, hence, entitled to maintain this action.
 II
In his memorandum in support of his motion, the defendant claims an additional ground to dismiss the action. The court may take cognizance of that claim since Practice Book § 142, now Practice Book (1998 Rev.) § 10-30, does not require the movant to specify grounds in the motion itself. Compare Practice Book § 154, now Practice Book (1998 Rev.) § 10-41 andRowe v. Godou, 12 Conn. App. 538, 541-44, 532 A.2d 978 (1987), rev'd on other grounds, 209 Conn. 273, 550 A.2d 1073 (1988). CT Page 4864
Citing Farmers Mechanics Bank v. Sullivan, 216 Conn. 341,348-350, 579 A.2d 1054 (1990), the defendant claims that the post judgment motion filed in the foreclosure action entitled FirstUnion National Bank, Trustee v. John Cannon, Superior Court, judicial district of New Haven, No. 393014, prevented title from vesting in the plaintiff here.
This court has taken judicial notice of, and has examined the file in First Union National Bank, Trustee v. John Cannon, an action to foreclose a municipal tax lien. That file reflects that a judgment of foreclosure by sale was rendered on April 21, 1997. A sale at public auction was ordered for August 23, 1997, and was held on that date. At the auction the plaintiff in this action bid forty thousand dollars for the property. At that time, the plaintiff and the committee entered into a bond for deed. On September 23, 1997, the committee moved for approval of its sale and conveyance and approval of the committee's deed. On September 25, 1997, the committee moved for approval of its amended committee deed to the plaintiff herein. On October 14, 1997, the court approved the committee's auction sale and deed and accepted its report. A notice of this decision was mailed on October 16, 1997. On October 15, 1997, counsel appeared for the named defendant in the foreclosure action, John Cannon, and filed a "motion for [court's] advice to enable plaintiff to pay underlying debt and costs." In that motion, the defendant's attorney alleged that on Friday, October 10, 1997, he filed his appearance and on the following Monday telephoned the office of the plaintiff's attorney "for pay off figures and costs." The next day the plaintiff's attorney advised him that "he did not believe [he] could accept payment as the sale and committee deed were approved the day before by the court." In his motion, the defendant also moved that the court "enable him to be able to pay this debt and costs and to order whatever action it deems appropriate including [the] possible reopening of judgment, recalling of Committee Deed and whatever other action the Court deems appropriate." The motion was denied on November 21, 1998, and the defendant timely appealed twenty days later.
Practice Book § 4046, now Practice Book (1998 Rev.) § 61-11, provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause . . . ." In Farmers MechanicsCT Page 4865Savings Bank v. Sullivan, supra, 216 Conn. 349 and 349 n. 7, the court held that a motion to open a judgment of strict foreclosure, filed within the twenty day appeal period for the judgment, stayed proceedings to carry out the judgment.
The defendants argue that the motion to open stayed enforcement of the order granting the committee's motion to approve its auction sale and deed and for acceptance of its report. Resolution of that issue depends on whether such an order is a judgment for purposes of appeal. New England Savings Bank v.Nicotra, 230 Conn. 136, 140, 644 A.2d 909 (1994); ConnecticutNational Bank v. L.R. Realty, 40 Conn. App. 492, 494,671 A.2d 1315 (1996). To resolve that issue "we have in recent years relied on the standard articulated in State v. Curcio,191 Conn. 27, 463 A.2d 566 (1983). That standard permits the immediate appealability of an order in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' Id., 31;Success Centers, Inc. v. Huntington Learning Centers, Inc.,223 Conn. 761, 769, 613 A.2d 1320 (1992)." Madigan v. Madigan,224 Conn. 749, 753, 620 A.2d 1276 (1993).
As observed supra, General Statutes § 49-26 provides in relevant part: "When a sale has been made pursuant to a judgment therefor and ratified by the court, a conveyance of the property sold shall be executed by the person appointed to make the sale,which conveyance shall vest in the purchaser the same estate thatwould have vested in the mortgagee or lienholder if the mortgageor lien had been foreclosed by strict foreclosure, and to this extent such conveyance shall be valid against all parties to the cause and their privies, but against no other persons." (Emphasis added.) Thus, it is the ratification of the foreclosure sale which is the final act taken directly by the court before the execution and delivery of its deed to the purchaser which vests title in the purchaser. See Dime Savings Bank of New York v.Grisel, 36 Conn. App. 313, 315 n. 1, 650 A.2d 1246 (1994). For this reason, such an order satisfies the second tier of theCurcio test because it so concludes the rights of the parties that further proceedings cannot affect them. Therefore, such an order is a final judgment to which Practice Book § 4046, now Practice Book (1998 Rev.) § 61-11, applies, as is a motion to open such a judgment.[2] Cf. Farmers Mechanics Savings Bankv. Sullivan, supra, 216 Conn. 349 and 349 n. 7. An execution and delivery of the committee's deed to the purchaser would have been CT Page 4866 violative of the automatic stay mandated by § 4046 and subject to defeasance. Id.; Hartford National Bank Trust Co. v.Tucker, 181 Conn. 296, 298, 435 A.2d 350, cert. denied,449 U.S. 956, 101 S.Ct. 363, 66 L.Ed.2d 221 (1980); compare ConnecticutSavings Bank v. Howes, 9 Conn. App. 446, 447, 519 A.2d 1216
(1987).
However, that the plaintiff's deed is subject to defeasance does not implicate the subject matter jurisdiction of this court. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . . . (Citations omitted; internal quotation marks omitted.) Tolly v. Department of Human Resources,225 Conn. 13, 29, 621 A.2d 719 (1993), quoting Lauer v. Zoning Commission,220 Conn. 455, 460, 600 A.2d 310 (1991). The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it. Plasil v. Tableman, 223 Conn. 68,78, 612 A.2d 763 (1992); Meinket v. Levinson, 193 Conn. 110, 115,474 A.2d 454 (1984). . . . Further, there exists an established principle that every presumption is to be indulged in favor of jurisdiction. Grant v. Bassman, 221 Conn. 465, 470, 604 A.2d 814. (1992)." (Citations omitted.) Rummel v. Rummel,33 Conn. App. 214, 217-18, 635 A.2d 295 (1993). "There is no doubt that the Superior Court is authorized to hear summary process cases. . . . The jurisdiction of the Superior Court in summary process actions, however, is subject to a condition precedent. Before the court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit." Lampasona v. Jacobs, 209 Conn. 724, 728,553 A.2d 175, cert. denied, 492 U.S. 919, 109 S.Ct. 3244,106 L.Ed.2d 590 (1989); see Housing Authority v. Harris, 225 Conn. 600, 605,625 A.2d 816 (1993) ("the Superior Court has jurisdiction to hear a summary process action only if the landlord has previously served the tenant with a notice to quit"). The defendants do not claim that the plaintiff failed to serve them with a proper notice to quit or that the time limits prescribed in chapters 830
and 832 of the General Statutes have not been satisfied. This court has jurisdiction.
In addition, while the plaintiff's title may be subject to defeasance, this is not the proceeding in which that may be accomplished. "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and CT Page 4867 interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard. . . . Hasbrouck v. Hasbrouck, 195 Conn. 558, 559-60,489 A.2d 1022 (1985)." (Citations omitted; internal quotation marks omitted) Udolf v. West Hartford Spirit Shop, Inc.,20 Conn. App. 733, 736, 570 A.2d 240 (1990). In a proceeding to divest the plaintiff of title, there obviously are other persons, such as John Cannon, who must be parties.
The motion to dismiss is denied.[3]
BY THE COURT
Bruce L. Levin Judge of the Superior Court