[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 114)
The defendant, a mortgagee having a judgment of strict foreclosure, has moved for summary judgment on the ground that the defendant was not the legal owner of the property in question at the time of the plaintiff's alleged fall and subsequent injuries. The plaintiff objects, arguing that there is a question of fact as to whether the defendant was in control of the property even though the law day had not passed at the time of the alleged accident.
"Even after the initiation of a foreclosure action, the mortgagee's title does not become absolute until all eligible parties have failed to exercise their rights to redeem the property." New Milford Savings Bank v. Jajer, 244 Conn. 251, 268,708 A.2d 1378 (1998). Moreover, although Connecticut adheres to the title theory of mortgages, the mortgage is regarded as mere security and the mortgagor is for most purposes regarded as the sole owner of the land. The mortgagee has title and ownership enough to make his security available, but for substantially all other purposes he is not regarded as owner, but the mortgagor is so regarded, always subject of course to the mortgage. RedRooster Construction Co. v. River Associates, Inc.,224 Conn. 563, 569, 620 A.2d 118 (1993). (Internal citations omitted.)
In Hardy v. Shepard, Superior Court, judicial district of CT Page 14868 Hartford/New Britain at Hartford, Docket No. 541387, (July 31, 1995, Corradino, J.) (14 CONN. L. RPTR. 515), the plaintiff claimed to have fallen on February 23, 1994, due to ice and snow on a sidewalk in front of premises allegedly owned, managed and/or possessed by the defendant corporation. In Hardy, the defendant had commenced a foreclosure action. Strict foreclosure was entered on February 7, 1994 and the law day was set for March 28, 1994. Id., 515. The court entered summary judgment in favor of the defendant corporation, holding that title did not vest absolutely in the defendant until March 30, 1994, after the law day had passed without any defendant exercising rights of redemption. Id., 515. The court further stated that "whatever the status of the title as between mortgagor and mortgagee it is clear that absolute title does not vest in the mortgagee until the mortgagor fails to redeem by the law day." (Internal quotation marks omitted.) Id., 516. Because title had not vested, the court held that the defendant corporation was not an "owner" for the purposes of a slip and fall occurring on February 23, 1994. Id.
Here, the judgment of strict foreclosure was entered on September 7, 1993, the plaintiff was allegedly injured on September 13, 1993, and the law day was scheduled for September 28, 1993. Since the plaintiff's injuries allegedly occurred prior to the law day, the defendant was not vested with absolute title at the time of the plaintiff's injuries. Based on the aforementioned case law, this court must conclude that the defendant was not the owner at the time of the plaintiff's alleged injury.
Moreover, the plaintiff has cited no case law in support of his position that the defendant was in possession and control of this property except for Hardy. The plaintiff argues that Judge Corrandino in the Hardy case left open the question of whether liability could be assigned to the defendant if the plaintiff had submitted some evidence of the defendant's control over the property.
In the present case, the plaintiff has submitted minimal evidence including an affidavit and an order appointing a receiver of rents on August 10, 1992 to support his contention that the defendant was in actual possession or control of the property. (Affidavit of the Plaintiff, Exhibit A to Plaintiff's Objection to Defendant's Motion for Summary Judgment). The plaintiff's affidavit is insufficient because it asserts a CT Page 14869 conclusion, namely that the plaintiff's injuries were caused by the negligence and carelessness of the defendant. (Affidavit of the Plaintiff, ¶ 6.) Furthermore, rather than attesting to facts supporting that the defendant was in control of the premises, the plaintiff avers only that a receiver of rents was appointed.
Although a receivership takes designated funds out of the control of the mortgagor, it does not vest their control in the foreclosing mortgagee, who has no claim upon the income and profit in the receiver's hands as such. New England Savings Bankv. Nicotra, 230 Conn. 136, 139, 644 A.2d 909 (1994).
In the instant case, the appointment of a receiver does not raise an issue of fact as to the defendant's control since the receiver is an arm of the court, and does not exercise control for the defendant. Moreover, the defendant was not the owner at the time of the alleged accident because absolute title does not vest in the mortgagee until the mortgagor fails to redeem by the law day. Accordingly, the defendant's motion for summary judgment should be and is hereby GRANTED.
MELVILLE, J.