WILLIAM H. HONAN ET AL. *v.* JOSEPH DIMYAN
(AC 24085)

Foti, Dranginis and McLachlan, Js.

Submitted on briefs June 3—officially released September 14, 2004

---

*Nancy Burton* filed a brief for the appellants (plaintiffs).

*Joseph DaSilva, Jr.,* filed a brief for the appellee (defendant).

*Opinion*

McLACHLAN, J. The pro se plaintiffs, William H. Honan and Nancy Burton,[1] appeal from the order of the trial court that the plaintiffs pay certain of the defendant's costs, issued upon the denial of the motion to dismiss filed by the defendant, Joseph Dimyan. On appeal, the plaintiffs raise numerous claims. We dismiss the appeal without reaching the merits of those claims due to the lack of a final judgment.

We encounter yet again the continuing and contentious saga between these parties. See *Honan* v. *Dimyan,* 76 Conn. App. 906, 822 A.2d 373, cert. denied, 264 Conn. 919, 828 A.2d 617 (2003); *Honan* v. *Dimyan,* 63 Conn. App. 702, 778 A.2d 989, cert. denied, 258 Conn. 942, 786 A.2d 430 (2001); *Honan* v. *Dimyan,* 52 Conn. App. 123, 726 A.2d 613, cert. denied, 249 Conn. 909, 733 A.2d 227 (1999). This appeal concerns the plaintiffs' action for a temporary and permanent injunction bar-

---

[1] Nancy Burton originally represented herself and Honan in this appeal. While the appeal was pending, our Supreme Court affirmed the order of the Superior Court disbarring her from the practice of law in this state. *Burton* v. *Mottolese,* 267 Conn. 1, 59, 835 A.2d 998 (2003). Thereafter, Honan filed a pro se appearance.

ring further prosecution of the defendant's allegedly vexatious litigation.[2] Although the complaint served on the defendant contained a return date, the writ of summons did not.[3] The defendant filed a motion to dismiss for lack of jurisdiction predicated on that defect. By order filed March 12, 2003, the court denied the defendant's motion to dismiss, permitting the plaintiffs an opportunity to amend the writ of summons to reflect the proper return date. The court also ordered the plaintiffs, pursuant to General Statutes § 52-128, to pay the defendant's costs associated with the motion to dismiss.[4] From that order, the plaintiffs appeal.[5]

As a threshold matter, the defendant claims that this court lacks jurisdiction to hear the plaintiffs' appeal. Specifically, the defendant claims that the court's order for the plaintiffs to pay his costs associated with the motion to dismiss is not a final judgment.

"The lack of a final judgment implicates the authority of this court to hear the appeal because it is a jurisdictional defect." (Internal quotation marks omitted.) *Cruz* v. *Gonzalez*, 40 Conn. App. 33, 35, 668 A.2d 739 (1995). As a determination regarding a trial court's subject matter jurisdiction is a question of law, our review is ple-

---

[2] For an overview of the underlying litigation, see *Honan* v. *Dimyan*, supra, 52 Conn. App. 124–26.

[3] General Statutes § 52-45a provides in relevant part: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day . . . ."

[4] The costs totaled $1650.

[5] Oral argument on this appeal was scheduled for June 3, 2004, at 10 a.m. Days earlier, the defendant requested permission to be excused from that argument, which we granted. The defendant notified the plaintiffs of his request to be excused, and this court provided to the plaintiffs a copy of our order granting that request.

On June 3, 2004, the plaintiffs, without notice, failed to appear for oral argument. The court therefore has considered the appeal on the briefs submitted.

nary. See *Doe* v. *Roe*, 246 Conn. 652, 660, 717 A.2d 706 (1998).

The plaintiffs claim that this court previously concluded that a final judgment existed. Although we originally ordered a hearing on whether the appeal should be dismissed for lack of a final judgment, the matter was marked off the court calendar, and the appeal was permitted to continue. Such action does not preclude our review now. The issue was briefed by both parties. Furthermore, a challenge to subject matter jurisdiction can be raised at any time. *Frillici* v. *Westport*, 264 Conn. 266, 280, 823 A.2d 1172 (2003). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). We therefore address that threshold issue.

Section 52-128 is a curative provision allowing a party to amend a defective writ or complaint.[6] It permits the court to condition that amendment on the payment of costs when such amendment is sought more than thirty days after the return date. The plaintiffs claim that the imposition of costs under § 52-128 constitutes a sanction and that the imposition of a sanction constitutes a final judgment. That claim is unavailing.

Section 52-128 makes no reference to sanctions. Rather, it permits an award of costs in limited instances. Costs are distinguishable from sanctions. The word "costs" is defined in Black's Law Dictionary (6th Ed.

---

[6] General Statutes § 52-128 provides in relevant part: "The plaintiff may amend any defect, mistake or informality in the writ, complaint . . . which might have been originally inserted therein, without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court . . . ."

1990) as "[a] pecuniary allowance, made to the success-ful party (and recoverable from the losing party), for his expenses in prosecuting or defending an action or a distinct proceeding within an action. . . ." That is precisely what the court ordered here.

In contrast, a sanction is a "coercive measure" that "signifies the evil or penalty which will be incurred by the wrongdoer" in breach of a law or rule of the court. Ballentine's Law Dictionary (3d Ed. 1969). There has been no suggestion that the plaintiffs wilfully violated General Statutes § 52-45a.[7]

This court has neither been presented with nor has it found any authority for the plaintiffs' proposition that a discretionary award of costs necessarily constitutes a sanction. We conclude that an award of costs pursuant to § 52-128 is precisely that; it is not a sanction.

The plaintiffs also claim that the court's order is a final judgment "tantamount to dismissal because it sus-pends the case so that it cannot proceed without pay-ment of [the costs]." Other than offering that bald assertion, the plaintiffs' brief lacks any analysis whatso-ever. Not a single case is cited, and we have discovered no authority for the "tantamount to dismissal" excep-tion advocated by the plaintiffs.

In the present case, the court's order stated: "The motion to dismiss is denied, and the plaintiffs may

---

[7] The plaintiffs' reliance on *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 400, 685 A.2d 1108 (1996), overruled in part, *State* v. *Salmon*, 250 Conn. 147, 154–55, 735 A.2d 333 (1999) (en banc), is misplaced. In that case, our Supreme Court determined that a sanctions order against an attorney for bad faith pleading constituted an appealable final judgment. Id., 400. The court has since limited that holding. As it stated: "[T]o the extent that in *CFM of Connecticut, Inc.*, we suggested that *any* monetary sanctions order imposed by a trial court is a final judgment for the purposes of an appeal or a writ of error, we confine that case to its facts." (Emphasis in original.) *Green Rock Ridge, Inc.* v. *Kobernat*, 250 Conn. 488, 499 n.13, 736 A.2d 851 (1999).

amend the writ of summons to reflect the proper return date. The plaintiffs, however, are ordered, pursuant to § 52-128, to immediately pay the defendant's costs related to the motion to dismiss. After the plaintiffs amend the writ and upon payment of costs by the plaintiff, [the] defendants shall file a responsive pleading to the complaint." Thus, the plaintiffs' action could proceed only on payment of costs to the defendant.

The plaintiffs' recourse, therefore, was to refuse payment, thereby prompting a judgment of dismissal from which they could properly appeal. In *Usowski* v. *Jacobson*, 267 Conn. 73, 95, 836 A.2d 1167 (2003), our Supreme Court observed that "failure to comply with an interlocutory order to obtain a final judgment so that the order can be appealed is an appropriate way to raise an issue before a reviewing court." The plaintiff in *Usowski* "deliberately chose to seek review by failing to comply with the order and by appealing from the subsequent judgment of dismissal." Id.

Despite their protestations to the contrary, the plaintiffs have not appealed from a final judgment. For that reason, the appeal is dismissed.

The appeal is dismissed.

In this opinion the other judges concurred.