## MONICA ERVIN *v.* PASQUALE AVALLONE
## (AC 28515)

Bishop, Beach and Berdon, Js.

Argued March 17—officially released May 27, 2008

*Monica Ervin*, pro se, the appellant (plaintiff).

*Ralph S. Keen III*, with whom, on the brief, was *Scott H. Matney*, for the appellee (defendant).

*Opinion*

BEACH, J. The pro se plaintiff, Monica Ervin, appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the defendant, Pasquale Avallone. The court found in favor of the defendant on the plaintiff's complaint and awarded the defendant damages on his counterclaim for the plaintiff's failure to pay rent. On appeal, the plaintiff claims that the court improperly found her liable to the defendant for past due "rent" because (1) the defendant lost his summary process action against the plaintiff concerning the same residential property lease and (2) the court erroneously found that she rented the premises at a different address.[1] We affirm the judgment of the trial court.

---

[1] In her brief and at oral argument, the plaintiff also argued that she filed several motions at the trial court that were never heard. This claim, however, was not raised as an issue before this court, and the record reveals no action by the trial court on any interlocutory motions. We therefore decline to address this issue because the record before us is inadequate. See *Bebry* v. *Zanauskas*, 81 Conn. App. 586, 594, 841 A.2d 282 (2004). In reaching that conclusion, we are mindful of the plaintiff's pro se status. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Nonetheless, [a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *New Haven* v. *Bonner*, 272 Conn. 489, 497–98, 863 A.2d 680 (2005).

We also note that the plaintiff enumerates four issues in her brief, namely, "(1) whether the trial court was correct in dismissing the plaintiff's civil court case; (2) whether the trial court was correct in granting the defendant

The court reasonably could have found the following facts. After receiving a notice to quit possession of 58 Mills Street, Bristol, the plaintiff tenant brought this action against the defendant landlord, alleging, inter alia, breach of contract, invasion of privacy, negligence, harassment and defamation of character. The defendant filed a counterclaim against the plaintiff seeking unpaid rent and payment for use and occupancy. A trial to the court was held on December 20 and 21, 2006, at which the court heard both this case and the summary process action that the defendant had brought against the plaintiff. On January 3, 2007, the court rendered judgment in favor of the defendant as to both the plaintiff's complaint and the defendant's counterclaim, and ordered that the plaintiff pay the defendant $8000 in past due rent. The court noted that it "has carefully reviewed the allegations of the plaintiff's complaint and considered the evidence with regard thereto and assessed the credibility of the witnesses. The court concludes that the plaintiff has not sustained her burden of proof with regard to any of the causes of action alleged in the counts of her complaint." As to the summary process action brought by the defendant, the court ruled in favor of the plaintiff, finding that she was excused from her obligation to pay rent during the time period at issue because the defendant had failed to install smoke detectors at the premises. The plaintiff thereafter appealed from the judgment in this action only.

The plaintiff first challenges the court's conclusion that she owes the defendant rent, despite the fact that the defendant lost a summary process action against

counterplaintiff rent payment due to the fact that the defendant counterplaintiff lost his nonpayment of rent case for January, 2006; (3) whether the trial court was correct in granting rent payments for months [that] the defendant never filed for in the eviction case; and (4) whether the trial court was correct in granting rent payment to the defendant counterplaintiff due to the fact that the plaintiff never rented 60 Mills Street [in Bristol]." We have consolidated the plaintiff's issues on appeal for ease of organization.

her.[2] The court found, however, that the plaintiff resided at the premises in question and did not pay rent during the ten months following the summary process action. Moreover, we fail to see how the disposition of the defendant's summary process action bars success on his counterclaim. The court found, on the basis of the evidence, that the summary process action was defeated by the absence of a smoke detector at the time the notice to quit was served. The smoke detector was replaced, however, and remained in place during the ten month time period for which the court found the plaintiff liable for use and occupancy payments.

The plaintiff also asserts that the court erroneously found that she had rented the premises at a different address. We examine a trial court's factual findings under the clearly erroneous standard of review. See *Ravetto* v. *Triton Thalassic Technologies, Inc.*, 285 Conn. 716, 727, 941 A.2d 309 (2008). The record reveals that the plaintiff alleged that she lived in premises at 58 Mills Street. The defendant admitted this allegation in his answer, but in his counterclaim he sought payment for, inter alia, use and occupancy of 60 Mills Street. The record shows that the building was known as 58-60 Mills Street. Although greater precision may be

---

[2] We note that in its January 3, 2007 judgment, the court characterized the money damages awarded as "past due rent" rather than as payment for use and occupancy. See *Housing Authority* v. *Hird*, 13 Conn. App. 150, 157–58, 535 A.2d 377 ("The statutory obligations of the landlord and tenant continue even when there is no longer a rental agreement between them. Termination of the lease does not terminate the tenancy since, upon service of a notice to quit possession, a tenancy at sufferance is created. . . . Even though a tenant at sufferance is excused from a duty to pay the stipulated rent under the lease, the obligation to pay a fair rental value for the use and occupancy of the dwelling unit remains. . . . Therefore, even if the defendant believed that the lease had ended and that she was relieved from a duty to pay a stipulated rent, her obligation to pay for her use and occupancy of the premises continued." [Citations omitted.]), cert. denied, 209 Conn. 825, 552 A.2d 433 (1988). Because neither party raised on appeal a potential discrepancy between contractual "rent" and the obligation to pay fair rental value, we decline to address that issue here.

required in the summary process context, we find no prejudicial confusion as to this case. The court's factual findings as to the description of the premises were not clearly erroneous and are supported by the record.

The plaintiff additionally argues that the court improperly ruled in the defendant's favor on her complaint against him. After thoroughly examining the record and considering the briefs and oral arguments of the parties, we conclude that the court's findings regarding her failure to sustain her burden of proof were not clearly erroneous. The court's findings are amply supported by the record.

The judgment is affirmed.

In this opinion BISHOP, J., concurred.

BERDON, J., concurring. I would affirm the judgment of the trial court.