### SUZANNE NOWACKI v. MICHAEL J. NOWACKI
### (AC 32327)

DiPentima, C. J., and Alvord and Borden, Js.

Argued March 14—officially released May 31, 2011

*Michael J. Nowacki,* pro se, the appellant (defendant).

*Kevin F. Collins,* for the appellee (plaintiff).

*Veronica E. Reich,* for the minor children.

PER CURIAM. The defendant, Michael J. Nowacki, appeals from various postjudgment orders of the trial court following the dissolution of his marriage to the plaintiff, Suzanne Nowacki.[1]

The parties were divorced on June 29, 2005. At that time, the parties entered into a separation agreement that the court accepted and incorporated into the judgment of dissolution. On June 29, 2009, the court granted the plaintiff's motion for the appointment of an attorney for the minor children. Shortly thereafter, attorney Veronica Reich was appointed as the attorney for the minor children. In December, 2009, Reich filed an ex parte emergency motion for modification of custody and parenting time. This motion alleged that since Reich's appointment in July, 2009, the defendant's behavior increasingly had become erratic, and this led to concerns regarding the long-term welfare of the children. On December 2, 2009, the court granted Reich's motion. Specifically, it provided: "It is ordered that the plaintiff . . . have sole legal and physical custody of the minor children . . . and that the defendant . . . have supervised visitation, on schedule to be determined, pending further hearing before this court. It is further ordered that the defendant . . . be cited to appear before this court then and there to be heard on this issue." The court scheduled a hearing where the defendant would be afforded the opportunity to show

[1] As part of the dissolution judgment, the court restored the plaintiff's maiden name, and she is now known as Suzanne Sullivan.

cause why the plaintiff's request for sole legal and physical custody should not be continued.

On January 22, 2010, the court found that the defendant was not competent to represent himself in the proceedings. The court's finding was based on testimony from a psychiatrist[2] that the defendant "has an inability to actually perceive the reality of the situation and to be able to deal with it on a normal scale." The court stated that it was "going to have to stop the proceedings and . . . going to have to look into the appointment of someone to represent [the defendant]."

On July 14, 2010, the court held a status conference at which time certain financial affidavits were to be exchanged. At this proceeding, the court, *Schofield, J.*, read into the record the transcript from a proceeding held on July 6, 2010, where the court noted that a hearing scheduled for July 23, 2010, would be limited to whether the defendant was competent to represent himself and a determination of Reich's fees. On July 6, 2010, the court had ordered the parties to complete a face-to-face exchange of fully executed financial affidavits on July 14, 2010. On July 14, 2010, counsel for the plaintiff represented that he had such a financial document and was prepared to exchange it with the defendant. Counsel also indicated at the July 14, 2010 hearing that, on May 17, 2010, the defendant had been ordered to produce a financial affidavit by the court, *Malone, J.* It does not appear from the record that the defendant complied with Judge Malone's May 17, 2010 order. On July 14, 2010, as a result of the defendant's failure to present a financial affidavit, the court, *Schofield, J.*, found him in contempt for violating her order of July 6, 2010, to produce a financial affidavit and had the defendant removed from the courtroom.

---

[2] During the proceeding, Kenneth Robson, a psychiatrist, testified that he had been appointed by the court to evaluate the plaintiff and the defendant.

I

The defendant filed his initial appeal on May 27, 2010. According to this appeal form, he has appealed from the January 22, 2010 order that he was not competent to represent himself and the May 17, 2010 order to produce a financial affidavit. We conclude that we lack subject matter jurisdiction over both of these claims.

A

With respect to the claim regarding the January 22, 2010 finding that he was not competent to represent himself, subsequent events have rendered this claim moot. Specifically, on November 19, 2010, Judge Malone vacated the finding that the defendant was not able to represent himself and ordered that the hearing on the custody modification be scheduled for a later date.

"It is axiomatic that if the issues on appeal become moot, the reviewing court loses subject matter jurisdiction to hear the appeal. . . . Mootness implicates [our] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citation omitted; internal quotation marks omitted.) *Sullivan* v. *McDonald*, 281 Conn. 122, 125, 913 A.2d 403 (2007); see *Putman* v. *Kennedy*, 279 Conn. 162, 169, 900 A.2d 1256 (2006).

As the order finding the defendant not competent to represent himself has been vacated, we cannot afford him any practical relief. Accordingly, we lack jurisdiction and dismiss this portion of the defendant's appeal.

B

With respect to the May 17, 2010 order that required the defendant to produce a financial affidavit, we conclude that we lack jurisdiction as a result of a lack of a final judgment. "The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1] . . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Internal quotation marks omitted.) *Clark* v. *Clark*, 115 Conn. App. 500, 503, 974 A.2d 33 (2009); see Practice Book § 66-8; see also *State* v. *Fielding*, 296 Conn. 26, 35, 994 A.2d 96 (2010).

"An order issued upon a motion for discovery is ordinarily not appealable because it does not constitute a final judgment, at least in civil actions." (Internal quotation marks omitted.) *Ingels* v. *Saldana*, 103 Conn. App. 724, 731, 930 A.2d 774 (2007); see *Chrysler Credit Corp.* v. *Fairfield Chrysler-Plymouth, Inc.*, 180 Conn. 223, 226, 429 A.2d 478 (1980). As an interlocutory order, this discovery order would be immediately appealable only if it met the two part test articulated in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). See *Cruz* v. *Gonzalez*, 40 Conn. App. 33, 35, 668 A.2d 739 (1995). We conclude that the present order neither terminates a separate and distinct proceeding nor so concludes the rights of the parties that further proceedings cannot affect them. See id. Accordingly, we lack jurisdiction

and therefore dismiss this portion of the defendant's appeal.[3]

## II

On July 29, 2010, the defendant filed a first amended appeal. The defendant appears to claim that the July 14, 2010 hearing was invalid because it occurred prior to a decision on his motion to restore his right to self-representation. This amended appeal further purports to challenge the propriety of the July 14, 2010 hearing where the financial affidavits were to be exchanged, while his initial appeal of the May 17, 2010 order was pending. We conclude that the defendant has abandoned these claims as a result of an inadequate brief.[4]

"It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their

---

[3] Under certain circumstances, not found in the present case, discovery orders may be appealed before a final judgment on the merits has been rendered. "[W]e require that those ordered to comply with discovery be found in contempt of court before we consider an appeal . . . ." (Internal quotation marks omitted.) *Green Rock Ridge, Inc.* v. *Kobernat*, 250 Conn. 488, 498, 736 A.2d 851 (1999). We note that the defendant has not been found in contempt for violating the May 17, 2010 order by Judge Malone to disclose the financial affidavit. Judge Schofield found the defendant in contempt for violating her order of July 6, 2010.

[4] In reaching that conclusion, we are mindful of the plaintiff's pro se status. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Nonetheless, [a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Ervin* v. *Avallone*, 108 Conn. App. 55, 56 n.1, 947 A.2d 380, cert. denied, 288 Conn. 911, 953 A.2d 652 (2008).

briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App. 601, 603–604, 10 A.3d 59 (2010); see *Cooke* v. *Cooke*, 99 Conn. App. 347, 353, 913 A.2d 480 (2007).

We carefully have reviewed the defendant's brief. The defendant has failed to cite relevant case law and apply those principles to the issues raised in this amended appeal. He has not demonstrated, aside from unsupported assertions, how the trial court's rulings were improper. In short, we are presented with an inadequate brief. Accordingly, we decline to review the claims raised in the defendant's first amended appeal.

### III

On July 29, 2010, the defendant filed a second amended appeal. On this appeal form, he noted that he is appealing from "[a]llocation of [attorney for the minor children] fees . . . Restoring Self Representation Rights was a predicate motion, Trial Court usurping powers of Appellate Court." We interpret this appeal to be focused on the award of fees to Reich. We acknowledge that the defendant has cited three cases that ostensibly pertain to attorneys for minor children. We conclude, nevertheless, that the defendant has failed to supply the required analysis to explain this claim adequately. Accordingly, we decline to review the merits of it.

### IV

On August 10, 2010, the defendant filed a third amended appeal. The defendant appears to challenge the finding by Judge Schofield that he was not compe-

tent to represent himself and the denial of his motion for a mistrial. With respect to the former, we dismiss this claim as moot. See part I A of this opinion. As to the latter, we conclude that the defendant has abandoned it as a result of an inadequate brief.

## V

On September 24, 2010, the defendant filed a fourth amended appeal. The appeal form states: "Judge Malone stated on Sept. 20 hearing in Stamford, no decision on any motion would be made before status conf." To the extent that the defendant challenges the determination that he was not competent to represent himself, we conclude it is moot. See part I A of this opinion. With respect to any other claim, we conclude that the defendant has abandoned it as a result of an inadequate brief. See part II of this opinion.

## VI

On December 13, 2010, the defendant filed a fifth amended appeal. The defendant challenges a "[c]ustody [s]tudy [o]rder" purportedly ordered by Judge Malone on December 10, 2010, as well as various motions that were denied. This amended appeal challenges decisions made by the trial court nearly three months after his brief was filed. The defendant has not requested permission to file an amended brief. Accordingly, we decline to review the issues raised in his fifth amended appeal as inadequately briefed.

The defendant's initial appeal and that portion of his third amended appeal addressing his right to represent himself are dismissed as moot. The decisions of the trial court with respect to the remaining appellate claims are affirmed.