## BNY WESTERN TRUST *v.* DIANE L. ROMAN ET AL.
## (AC 27574)

Harper, Rogers and Lavine, Js.

Argued February 16—officially released July 3, 2007

*Louis Roman*, pro se, the appellant (intervening defendant).

*Michele D. Sensale*, for the appellee (substitute plaintiff).

*Opinion*

PER CURIAM. The intervening defendant, Louis Roman,[1] appeals from the judgment of the trial court granting the motion to release the committee deed and set a closing date or forfeit deposit filed by the substitute plaintiff, the Bank of New York, trustee.[2] We dismiss the appeal.

---

[1] The defendants, Diane L. Roman and Ralph Flamini, are not parties to this appeal. We therefore refer in this opinion to Louis Roman as the intervening defendant.

[2] On the appeal form filed by the intervening defendant, he indicated that he was appealing from the April 3, 2006 judgment of the court, although he indicated that the action that constituted the final judgment was the substitute plaintiff's "motion to confirm foreclosure sale in lieu of chapter 13 bankruptcy filing by defendant."

This foreclosure action was commenced in 2000 and has a tortuous history of delays. The sale finally took place on December 10, 2005, and the court, *Hon. Howard T. Owens, Jr.*, judge trial referee, approved the sale on January 9, 2006. On January 23, 2006, the intervening defendant filed a bankruptcy petition in United States Bankruptcy Court. On January 24, 2006, Diane L. Roman, did likewise. On January 26, 2006, the successful bidder filed a motion for return of deposit due to the bankruptcy filings. On January 30, 2006, notice of the court's January 9, 2006 rulings were mailed to the parties, but the committee's deed was held by the court in view of the bankruptcy proceedings. On February 10, 2006, the substitute plaintiff filed an objection to the return of deposit, and a motion to release the deed and set a closing date or forfeit the deposit. On April 3, 2006, after a hearing, the court, *Richards, J.*, denied the motion for return of deposit and granted the motion to release the deed and set a closing date.[3]

On April 12, 2006, the intervening defendant filed an appeal, claiming in essence that Judge Richards had violated the stay provision of the United States Bankruptcy Code. Furthermore, he argued that he was prevented from appealing from the judgment approving the sale because the filing of the bankruptcy petitions stayed the appeal period. Following oral argument in this court, a review of the record disclosed that the petitions in bankruptcy had been dismissed in August, 2006, and the matters closed on October 4, 2006. No appeal has been filed challenging the judgment approving the sale.[4]

"Mootness implicates subject matter jurisdiction, and, therefore, we will not review claims that are moot. . . . [T]he test for determining mootness is not

---

[3] In this opinion, we offer no opinion as to whether Judge Richards properly released the deed and set a closing date.

[4] We ordered the parties to file simultaneously supplemental briefs explaining why the appeal should not be dismissed as moot.

[w]hether the [appellant] would ultimately be granted relief . . . . The test, instead, is whether there is any practical relief this court can grant the [appellant]. . . . If no practical relief can be afforded to the parties, the appeal must be dismissed." (Citation omitted; internal quotation marks omitted.) *In re Jeremy M.*, 100 Conn. App. 436, 441–42, 918 A.2d 944 (2007).

"Under Connecticut law, a judicial sale becomes complete and creates a legal right to obligations among parties when it is confirmed and ratified by the court." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 13 Conn. App. 239, 247, 536 A.2d 962, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988). "Generally, once a court has approved the foreclosure sale and the applicable appeal period has elapsed, the mortgagor's right of redemption is extinguished and the court's jurisdiction to modify that judgment ends. See D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 9.01B, p. 203 ('absent the possibility of an appeal from [the court's] determination, the approval of the sale generally operates to divest the owner of his equity of redemption and consequently places the property beyond the power of the court'). Accordingly, after the sale is approved and the relevant appeal periods have expired, any action by the mortgagor to redeem should be dismissed as moot." *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 79–80, 909 A.2d 526 (2006).

The appeal is dismissed.