## ANTONIO LUCAS *v.* DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE
### (AC 27839)

Bishop, Gruendel and Mihalakos, Js.

Argued June 4—officially released September 18, 2007

*John M. Brown,* for the appellant (plaintiff).

*Peter A. Ventre,* for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Antonio Lucas, appeals from the judgment of the trial court, which granted the application of the defendant, Deutsche Bank National Trust Company, Trustee, for a discharge of the plaintiff's judgment lien pursuant to General Statutes § 49-51 (a) and (b).[1] The plaintiff claims that the court (1) abused its discretion in prospectively terminating the stay of execution and (2) misapplied the controlling legal standards in discharging the plaintiff's judgment lien. We conclude that we cannot grant the plaintiff any practical relief because the plaintiff failed to seek review of the court's order terminating the appellate stay; see Practice Book § 61-14; thus enabling the defendant to effect the discharge of the lien by recording it on the West Hartford land records. Accordingly, we dismiss the appeal as moot.[2]

The record reflects the following facts and procedural history. In a separate action, the plaintiff obtained a judgment of $55,021.47 against Frederick A. Bentley III.

___

[1] General Statutes § 49-51 provides in relevant part: "(a) Any person having an interest in any real . . . property described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor . . . to discharge the lien. . . . If the lien is not discharged within thirty days of the notice, that person may apply to the Superior Court for such a discharge, and the court may adjudge the validity or invalidity of the lien . . . .

"(b) When a lien on real property is adjudged invalid or is otherwise discharged by the court, a certified copy of the judgment of invalidity or discharge recorded on the land records of the town where the certificate of lien was filed fully discharges the lien. . . ."

[2] In light of this conclusion, we need not reach the merits of the plaintiff's claims.

The plaintiff secured the judgment by filing a lien on real property owned by Bentley in West Hartford. The judgment lien was recorded subsequent to the defendant's recorded mortgage. The defendant's mortgage on the property secured a debt of $320,418.24.

Thereafter, the defendant commenced an action against Bentley, among others, to foreclose its mortgage on the property.[3] The defendant failed to make the plaintiff a party to the foreclosure action. A judgment of strict foreclosure was rendered on August 22, 2005, and title vested in the defendant on October 7, 2005. The defendant subsequently recorded a certificate of foreclosure in the West Hartford land records.

In March, 2006, the defendant asked the plaintiff to execute a voluntary release of his judgment lien, in accordance with § 49-51 (a). The plaintiff declined and, instead, filed the present action against the defendant to foreclose his judgment lien.[4] The defendant responded by filing an omitted party foreclosure action pursuant to General Statutes § 49-30.[5]

---

[3] The title of the foreclosure action was *Deutsche Bank National Trust Co., Trustee* v. *Bentley,* Superior Court, judicial district of Hartford, Docket No. CV-05-4008177-S. Additional lienholders, irrelevant to the present appeal, were involved in the foreclosure action.

[4] The plaintiff's judgment lien survived the initial foreclosure action by virtue of its omission from those proceedings. See generally *Mortgage Electronic Registration Systems, Inc.* v. *White,* 278 Conn. 219, 234, 896 A.2d 797 (2006) (discussing how General Statutes § 49-30 "does not change the [common-law] rights of those parties who had been omitted from the first foreclosure").

[5] General Statutes § 49-30 provides in relevant part: "When a mortgage . . . on real estate has been foreclosed and one or more parties owning any interest in or holding an encumbrance on such real estate subsequent or subordinate to such mortgage . . . has been omitted or has not been foreclosed of such interest or encumbrance because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission or defect had occurred . . . . Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title . . . and the party or parties thus not foreclosed . . . ."

The defendant thereafter filed an application in the plaintiff's foreclosure action to discharge the judgment lien and lis pendens, and a motion to terminate the stay on appeal.[6] The court, *Hon. Samuel Freed*, judge trial referee, held a hearing on the matter on July 3, 2006. At that hearing, the plaintiff stipulated before the court that the current value of the property was $265,000 and that he would not have redeemed the mortgage had he been given a law day in the original foreclosure action. By order dated July 6, 2006, the court discharged the judgment lien and lis pendens on the basis of its finding that the judgment lien was worthless.

At the time it filed the application to discharge the lien, the defendant also filed an anticipatory motion to terminate the stay of execution that would go into effect in the event that the plaintiff filed an appeal from the court's judgment discharging the lien. The court granted the defendant's anticipatory motion to terminate an appellate stay, concluding that an appeal would be meritless and for the purpose of delay only.

On July 12, 2006, the plaintiff filed this appeal, challenging the court's order discharging the judgment lien and lis pendens. On July 17, 2006, the defendant recorded the court's discharge order on the West Hartford land records. On August 15, 2006, the defendant sold the property to a third party, who is not a party to this appeal. Additional facts will be set forth as necessary.

---

[6] General Statutes § 49-30 does not act as a sword that the foreclosing party may use to discharge an omitted encumbrance. As the court stated in *Mortgage Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 228, 896 A.2d 797 (2006), § 49-30 simply "provides a procedural mechanism for bringing a subsequent, constitutionally valid proceeding with respect to the omitted encumbrance." Unlike the situation in *Mortgage Electronic Registration Systems, Inc.*, the defendant in the present case is not attempting to rely on § 49-30 to effectuate the discharge. The defendant's application for discharge pursuant to General Statutes § 49-51 is a valid legal proceeding that can unencumber the property of an invalid lien.

The crux of the plaintiff's claim is that the court abused its discretion in prospectively terminating the stay of execution and misapplied the controlling legal standards in discharging the plaintiff's judgment lien. We conclude, however, that the appeal is moot because the plaintiff did not file a motion for review of the order terminating the appellate stay, and the defendant has filed the unstayed, properly issued discharge order in the West Hartford land records.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Citation omitted; internal quotation marks omitted.) *Lichtman* v. *Beni*, 280 Conn. 25, 30, 905 A.2d 647 (2006).

In the present case, the defendant complied with the provisions of § 49-51 and filed an application for discharge of the plaintiff's judgment lien on the ground that the subject property had no equity that could satisfy

the judgment lien. See, e.g., *Bankers Trust of California, N.A.* v. *Neal,* 64 Conn. App. 154, 158, 779 A.2d 813 (2001) ("[w]hen the debt of a prior mortgage exceeds that of a later encumbrance, the latter is worthless because the property contains no equity to satisfy the later encumbrance"); *Federal Deposit Ins. Corp.* v. *Bombero,* 37 Conn. App. 764, 771, 657 A.2d 668 (1995), appeal dismissed, 236 Conn. 744, 674 A.2d 1324 (1996).

At the hearing on the application for discharge, the plaintiff stipulated that the property was worth approximately $265,000 and that the defendant's mortgage was worth more than $320,000. Additionally, the plaintiff stated that he would not have redeemed and was seeking only to sell the property in satisfaction of his judgment lien. The court agreed with the defendant that the value of the property was insufficient to satisfy the mortgage debt and the plaintiff's judgment lien. On July 6, 2006, the court ordered the discharge of the plaintiff's judgment lien, as it found that the lien was worthless. The court also concluded that because the judgment lien was worthless, an appeal had no merit and would be filed only for delay. The court, therefore, granted the defendant's motion to terminate the appellate stay.

Although we note that the plaintiff filed a timely *appeal* from the court's order discharging the judgment lien, he did not file a *motion for review* of the order terminating the appellate stay. Practice Book § 61-14 provides that the sole remedy for review of a court's granting of a motion to terminate a stay of execution is to file a motion for review.[7] Under this section, the

---

[7] Practice Book § 61-14 provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Section 66-6. Execution of an order of the court terminating a stay of execution shall be stayed for ten days from the issuance of notice of the order, and if a motion for review is filed within that period, the order shall be stayed pending decision of the motion, unless the court having appellate jurisdiction rules otherwise. . . ."

court's order granting the motion to terminate the stay is stayed for ten days from the issuance of the order to permit a party to file a motion for review. The plaintiff, therefore, had ten days from the court's July 6, 2006 ruling in which to file a motion for review. Although the plaintiff filed an appeal within ten days, he did not file a motion for review. The practical effect of this failure is to terminate the stay of execution during the pendency of the appeal.

Without a valid stay in effect, the defendant was able to perfect the court's order of discharge by recording it on the West Hartford land records. Section 49-51 (b) provides that when a lien is discharged by the court, a certified copy of the discharge recorded on the land records of the town where the certificate of lien was filed fully discharges the lien. The defendant's July 17, 2006 recording thereby fully discharged the lien pursuant to the plain language of § 49-51 (b). There is, therefore, no longer a lien the validity of which can be challenged on appeal. See *Lichtman* v. *Beni*, supra, 280 Conn. 33 ("upon the recording of the court's order discharging the lien, there was no lien, the validity of which could be affected on appeal"). This renders the plaintiff's appeal moot.

To conclude otherwise would resurrect a lien that the West Hartford land records hold out to the world as fully discharged. "It has always been the policy of our law that the land records should be the authentic oracle of title on which a bona fide purchaser or attaching creditor might safely rely. . . . Indeed the whole system of registering deeds of land would become of no value if a purchaser could not rely upon the records as he finds them." (Citation omitted; internal quotation marks omitted.) *First Constitution Bank* v. *Harbor Village Ltd. Partnership*, 37 Conn. App. 698, 707, 657 A.2d 1110, cert. denied, 235 Conn. 902, 665 A.2d 901 (1995). "[H]omeowners should not have to

wake up to find their property encumbered by a resurrected lien. Property owners, prospective purchasers, potential lenders, title searchers and title insurers alike must each be able to rely confidently on the integrity of the land records." *Lichtman* v. *Beni,* supra, 280 Conn. 35.

The plaintiff's failure to request an order for review within the period of time allotted by Practice Book § 61-14 permitted the defendant to perfect the discharge order before this appeal could be decided. Because the discharge order was duly issued and recorded, the lien no longer exists. We therefore are unable to provide the plaintiff with any practical relief.

The appeal is dismissed.

In this opinion the other judges concurred.