******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. BANK, NATIONAL ASSOCIATION, TRUSTEE *v.*
CHRISTOPHER M. FITZPATRICK ET AL.
(AC 44143)

Bright, C. J., and Cradle and Bishop, Js.

*Syllabus*

The plaintiff, as trustee, sought to foreclose a mortgage on certain real
property owned by the defendant F. The trial court granted the plaintiff's
motion for summary judgment as to liability only and rendered a judg-
ment of foreclosure by sale, from which F appealed to this court, which
affirmed the judgment of the trial court and remanded the case to that
court to set a new sale date. The trial court ordered a new sale date
and waived newspaper advertisements. The committee filed a motion
to approve the sale and the trial court rendered judgment approving
the sale and deed, from which F appealed to this court. Thereafter, the
court granted the plaintiff's motion to terminate the appellate stay and,
although F objected to the motion, he did not file a motion for review
of the trial court's order granting that motion. *Held* that F's appeal was
moot and, accordingly, the appeal was dismissed; because F failed to
seek review of the court's order terminating the appellate stay, the
judicial sale became final, and title vested in the plaintiff and F's right
of redemption was extinguished.

Argued May 11—officially released August 3, 2021

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant, and for other relief,
brought to the Superior Court in the judicial district
of Fairfield, where the court, *Truglia, J.*, granted the
plaintiff's motion for summary judgment as to liability;
thereafter, the court, *Hon. Alfred J. Jennings, Jr.*, judge
trial referee, rendered judgment of foreclosure by sale,
from which the named defendant appealed to this court,
*DiPentima, C. J.*, and *Alvord* and *Eveleigh, Js.*, which
affirmed the trial court's judgment and remanded the
case for the purpose of setting a new sale date; subse-
quently, the court, *Spader, J.*, ordered foreclosure by
sale and waived newspaper advertisements; thereafter,
the court, *Spader, J.*, granted the plaintiff's motion to
approve the sale and committee deed, from which the
named defendant appealed to this court; subsequently,
the court, *Spader, J.*, granted the plaintiff's motion to
terminate the appellate stay. *Appeal dismissed*.

*Ryan P. Driscoll*, for the appellant (named defen-
dant).

*Jeffrey M. Knickerbocker*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this foreclosure action, the defendant Christopher M. Fitzpatrick[1] appeals from the judgment of the trial court approving the sale of the mortgaged property, on the motion of the committee of sale (committee), following the court's rendering of a judgment of foreclosure by sale in favor of the plaintiff mortgagee, U.S. Bank, National Association, as Trustee for MASTR 2007-2. On appeal, the defendant argues that his objection to the motion for approval of committee sale, which was based on a lack of newspaper advertisements, should have been sustained. The plaintiff argues that this appeal is moot because the defendant failed to seek review of the court's termination of the appellate stay and, thus, title to the subject property has vested in the plaintiff. We agree with the plaintiff that this court can provide no practical relief on appeal, and, therefore, we dismiss the appeal as moot.

The following facts and procedural history are relevant to this appeal. In May, 2016, the plaintiff commenced this action against the defendant to foreclose a mortgage on property he owned in Stratford. The plaintiff filed a motion for summary judgment as to liability on December 22, 2017, which the court subsequently granted. The court then rendered a judgment of foreclosure by sale on March 22, 2018, from which the defendant appealed to this court. This court affirmed the foreclosure judgment and remanded the case for the purpose of setting a new sale date. *U.S. Bank, National Assn.* v. *Fitzpatrick*, 190 Conn. App. 773, 794, 212 A.3d 732, cert. denied, 333 Conn. 916, 217 A.3d 1 (2019).

On December 30, 2019, in accordance with this court's opinion, the trial court ordered a foreclosure by sale with a sale date of February 22, 2020, and waived newspaper advertisements. The defendant did not object to that order.[2] The court determined that the fair market value of the property was $610,000, which was confirmed by an appraisal. The committee received only one bid, from the plaintiff, to purchase the property for $433,500. On February 24, 2020, the committee filed a motion to approve the sale. The defendant objected to that motion, arguing that the lack of newspaper advertisements had prejudiced him. On June 3, 2020, the court entered an order overruling the defendant's objection and rendered judgment approving the sale and deed, from which the defendant appealed to this court.

Subsequently, the plaintiff moved to terminate the appellate stay, arguing that the appeal was without merit. On September 16, 2020, the court granted the plaintiff's motion to terminate the appellate stay, explaining that "[t]he court believes that it is unlikely that the defendant will prevail on appeal."[3] The defendant objected to the plaintiff's motion to terminate the

appellate stay but failed to seek review by this court of the trial court's order granting the motion. This appeal followed.

The defendant's principal argument is that the court erred by granting the committee's motion to approve the sale without any newspaper advertisements. This issue is moot. Because title has vested in the plaintiff and the defendant's rights in the property have thus been terminated, this court can provide no practical relief to the defendant.

The question of mootness implicates our subject matter jurisdiction. "It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal." (Internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 325, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Mootness implicates this court's subject matter jurisdiction, raising a question of law over which we exercise plenary review." (Citation omitted; internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 679–80, 899 A.2d 586 (2006).

A brief review of the basic legal principles regarding mortgages and foreclosures by sale informs our conclusion. "Connecticut follows the title theory of mortgages, which provides that on the execution of a mortgage on real property, the mortgagee holds legal title and the mortgagor holds equitable title to the property. . . . As the holder of equitable title, also called the equity of redemption, the mortgagor has the right to redeem the legal title on the performance of certain conditions contained within the mortgage instrument. . . . The mortgagor continues to be regarded as the owner of the property during the term of the mortgage. . . . The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. . . . Generally, foreclosure means to cut off the equity of redemption, the equitable owner's right to redeem the property." (Citations omitted; internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, supra, 95 Conn. App. 322–23. "Simply put, once title has vested absolutely in the mortgagee, the mortgagor's interest in the property is extinguished and cannot be revived by a reviewing court." Id., 324.

"In a foreclosure by sale, a mortgagor may exercise his rights of redemption until such time as the judicial authority approves the foreclosure sale. The [judicial] sale is not absolute until confirmed. The order of confirmation gives the judicial sanction of the court, and when made it relates back to the time of the sale . . . . Generally, once a court has approved the foreclosure sale and the applicable appeal period has elapsed, the mortgagor's right of redemption is extinguished and the court's jurisdiction to modify that judgment ends. . . . *Accordingly, after the sale is approved and the relevant appeals periods have expired, any action by the mortgagor to redeem should be dismissed as moot.*" (Citations omitted; emphasis altered; internal quotation marks omitted.) *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 79–80, 909 A.2d 526 (2006).

The defendant filed a timely appeal of the court's order granting the motion to approve the sale, but he failed to file a motion for review of the order terminating the appellate stay. "Practice Book § 61-14 provides that the sole remedy for review of a court's granting of a motion to terminate a stay of execution is to file a motion for review.[4] Under this section, the court's order granting the motion to terminate the stay is stayed for ten days from the issuance of the order to permit a party to file a motion for review. The [defendant], therefore, had ten days from the court's . . . ruling in which to file a motion for review." (Footnote in original.) *Lucas* v. *Deutsche Bank National Trust Co.*, 103 Conn. App. 762, 767–68, 931 A.2d 378, cert. denied, 284 Conn. 934, 935 A.2d 151 (2007).

Because the defendant failed to file a motion for review, the judicial sale became final. The defendant's right of redemption was extinguished as soon as the ten day period expired.[5] Thus, title passed to the plaintiff on June 5, 2020, when the committee filed the deed of sale with the court. Accordingly, this appeal is moot, and we therefore do not reach the defendant's arguments on their merits.

The appeal is dismissed.

[1] In its complaint, the plaintiff also named the Department of Revenue Services and the Internal Revenue Service as defendants, but these governmental entities are not participating in this appeal. We, therefore, refer in this opinion to Christopher M. Fitzpatrick as the defendant.

[2] The listing was posted on the Judicial Branch website. The court later explained in its memorandum of decision on the plaintiff's motion to terminate the appellate stay that "the defendant did not object to the court's order not requiring *newspaper* advertising when the order was issued and, in reality, newspaper advertisements are not the place where serious potential foreclosure purchasers learn of foreclosure sales. The Judicial Branch has developed a 'foreclosure listings' website where all foreclosure sales are advertised. This property was so listed." (Emphasis in original.)

[3] The plaintiff first filed a motion to terminate the stay on July 6, 2020, pursuant to Practice Book § 61-11 (g), which the court denied without prejudice. The plaintiff then filed another motion to terminate the stay pursuant to Practice Book § 61-11 (d) and (e), which the court granted after a hearing.

[4] "Practice Book § 61-14 provides in relevant part: 'The sole remedy of any party desiring the court to review an order concerning a stay of execution

shall be by motion for review under Section 66-6. Execution of an order of the court terminating a stay of execution shall be stayed for ten days from the issuance of notice of the order, and if a motion for review is filed within that period, the order shall be stayed pending decision of the motion, unless the court having appellate jurisdiction rules otherwise. . . .' " *Lucas* v. *Deutsche Bank National Trust Co.*, 103 Conn. App. 762, 767 n.7, 931 A.2d 378, cert. denied, 284 Conn. 934, 935 A.2d 151 (2007).

[5] *Our Supreme Court recently opined that in "rare and exceptional cases" equitable claims may still be made after title has passed in a foreclosure matter. U.S. Bank National Assn.* v. *Rothermel,* Conn. , A.3d (2021). We do not view the holding in *Rothermel* as applicable to the factual and procedural history of this case as the underlying circumstances are neither rare nor exceptional.

---