******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BROOKSTONE HOMES, LLC, ET AL. *v.*
MERCO HOLDINGS, LLC, ET AL.

MERCO HOLDINGS, LLC, ET AL. *v.*
CT KARKA, LLC, ET AL.
(AC 44704)

Bright, C.J., and Alvord and Clark, Js.

*Syllabus*

In this joint appeal, the appellants were the plaintiffs in a breach of contract action and the defendants in a separate action brought by various limited liability companies to discharge lis pendens filed against their properties in connection with the breach of contract action. The appellees were various limited liability companies with rental properties. Sixteen of the appellees filed an application pursuant to statute (§ 52-325a) to discharge the lis pendens. The trial court granted the application, concluding that the appellants had not shown probable cause that their breach of contract case was an action intended to affect the real property on which the lis pendens had been filed. Pursuant to the applicable statute (§ 52-325c), the appellants appealed to this court from the order discharging the lis pendens and indicated on the appeal form that the appeal was also being filed in connection with their breach of contract action. Thereafter, the appellants filed a motion to stay the order discharging the lis pendens pending the appeal pursuant to § 52-325c, which the trial court denied. The appellants then filed a motion for review pursuant to the applicable rule of practice (§ 66-6), challenging the denial of their motion to stay, but failed to request a stay of execution of the trial court's judgment until this court had ruled on their motion for review. The appellees recorded the order discharging the lis pendens on the land records. Thereafter, this court dismissed the appellants' motion for review and ordered the parties to file memoranda to address whether the appeal should be dismissed as moot as to the lis pendens case and for lack of a final judgment as to the breach of contract case. The appellants filed a memorandum of law opposing dismissal. The appellees did not file a response to the order. *Held*:

1. The portion of the appeal challenging the trial court's judgment in the lis pendens case was moot: pursuant to § 52-325c, a stay is automatic for only seven days from the date of the court's order discharging the lis pendens unless, during that period, the aggrieved party appeals the order and applies for a further stay pending appeal; moreover, because the trial court denied the appellants' motion for stay and the appellants never sought a stay from this court, there was no stay in effect when the clerk delivered the order discharging the lis pendens or when the appellees recorded the order on the land records; furthermore, that the appellants timely filed their appeal within the seven day period mandated by § 52-325c did not overcome the fact that this court could not grant the appellants any practical relief in the appeal because the appellees effected the discharge of the lis pendens on filing the trial court's order on the land records, when there was no appellate stay in effect, and the lis pendens could not be resurrected after they were discharged; additionally, the question presented in this appeal did not qualify for review under the capable of repetition yet evading review exception to mootness because the appeal was rendered moot not due to the inherently limited duration of the proceeding but due to the appellants' failure to seek the appropriate remedy from this court and, therefore, the appellants failed to demonstrate that the substantial majority of appeals from orders discharging lis pendens would become moot before those appeals could be decided.

2. The portion of the appeal with respect to the breach of contract case was not taken from a final judgment and, accordingly, this court lacked subject matter jurisdiction to entertain it: at the time the appeal was filed, the appellees had not filed any pleadings in response to the complaint and the trial court had not issued any order from which an appeal could be filed.

Considered August 31—officially released November 23, 2021

*Procedural History*

Application, in one case, to discharge lis pendens filed against certain of the plaintiffs' real property, brought to the Superior Court in the judicial district of Hartford, where the court, *Noble, J.*, granted the plaintiffs' application to discharge the lis pendens and rendered judgment thereon, and, action, in a second case, to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Waterbury and transferred to the judicial district of Hartford, Complex Litigation Docket; thereafter, the defendants in the first case and the plaintiffs in the second case filed a joint appeal to this court; subsequently, the court, *Noble, J.*, denied the motion to stay the order discharging the lis pendens filed by the defendants in the first case; thereafter, this court dismissed the motion for review filed by the named defendant et al. in the first case, and ordered the parties to file memoranda to address whether the appeal should be dismissed. *Appeal dismissed.*

*Taryn D. Martin*, for the appellants (defendants in the first case and plaintiffs in the second case).

*Robert M. Fleischer*, for the appellees (plaintiffs in the first case and defendants in the second case).

*Opinion*

BRIGHT, C. J. This joint appeal was filed in two trial court cases to challenge the trial court's order in one case granting an application to discharge the lis pendens filed against multiple properties. We ordered the parties to file memoranda to address (1) whether this appeal should be dismissed as moot as to the order granting the application to discharge the lis pendens because that order has been recorded on the land records and (2) whether the appeal should be dismissed for lack of a final judgment as to the portion of the appeal taken as to the underlying breach of contract case that is still pending before the trial court.[1] Having considered the memorandum submitted by the appellants, we dismiss the appeal.[2]

This appeal involves two related cases, though the cases were not consolidated at the trial court. In *Merco Holdings, LLC* v. *CT Karka, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-21-6149041-S (breach of contract case), five plaintiffs, who are the appellants here, filed a complaint against twenty-six limited liability companies (LLCs) sounding in, inter alia, breach of contract.[3] The plaintiffs in the breach of contract case are Merco Holdings, LLC; DetailManagement, LLC; Elite Investment Properties, Inc.; David Merenstein; and Esther Merenstein. The defendants in the breach of contract case are CT Karka, LLC; CT Deros, LLC; Meknes, LLC; Farmington Real Estate Holdings, LLC; Renwood Real Estate Holdings, LLC; North Haven Apts, LLC; Bunker Hill Properties, LLC; Austin Heights CT, LLC; Diamond Court CT, LLC; Waterbury Plaza, LLC; Valley View Townhouse, LLC; Pine Meadow Townhouse, LLC; Forest Park Apartment Homes, LLC; Briarwood Hills, LLC; Hunters Crossing, LLC; Renwood Apartments, LLC; Oakridge Realty, LLC; Brookstone Homes, LLC; Ivy Woods CT, LLC; Forest Park Office Green, LLC; Fieldside Apartments, LLC; Seramonte Estates, LLC; Seramonte Estates AB, LLC; Alabama Brook, LLC; Alabama Brook #2, LLC; and Orohena, LLC. The claims in the breach of contract case are essentially that the five plaintiffs were partial owners of, had interests in, or provided management services to the twenty-six defendant LLCs but had been deprived of their share of the profits from or management fees related to the rental properties owned by the LLCs. In connection with the filing of the complaint, the five plaintiffs filed eleven lis pendens against sixteen properties owned by the LLC defendants. No judgment had been rendered in the breach of contract case when this appeal was filed.

In *Brookstone Homes, LLC* v. *Merco Holdings, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-21-6139513-S (lis pendens case), sixteen of the LLCs named as defendants in the breach of contract case, namely, those owning the properties that are the subjects of the lis pendens in the breach of contract case,

filed as an independent action an application pursuant to General Statutes § 52-325a to discharge the lis pendens filed against their properties.[4] The application to discharge the lis pendens named as defendants the five plaintiffs in the breach of contract case. The defendants in the lis pendens case filed an objection to the application to discharge the lis pendens. On May 6, 2021, the trial court granted the application to discharge the lis pendens on the basis of the court's finding that the defendants had not shown probable cause that their breach of contract case was an action intended to affect the real property on which the lis pendens had been filed.

On May 12, 2021, the appellants timely filed this appeal within seven days of the judgment in the lis pendens case granting the application to discharge lis pendens, as required by General Statutes § 52-325c (b).[5] The appeal form also indicated that the appeal was being filed in connection with the breach of contract case.

Also on May 12, 2021, the appellants filed in the lis pendens case a timely motion to stay the order discharging the lis pendens pending appeal, pursuant to § 52-325c (b). The appellees objected to that motion. The trial court denied the motion for stay on June 14, 2021.

The appellants filed a timely motion for review pursuant to Practice Book § 66-6 on June 23, 2021, challenging the denial of their motion for stay. The appellants, however, did not file a request, pursuant to Practice Book § 61-14, for a stay of execution of the trial court's judgment until this court had ruled on their motion for review. On July 6, 2021, the appellees filed a memorandum in opposition to the motion for review in which they stated that they already had recorded the discharges of lis pendens on the land records. We dismissed the appellants' motion for review on July 28, 2021, and ordered the parties to file memoranda to address whether the appeal should be dismissed as moot as to the lis pendens case and for lack of a final judgment as to the breach of contract case. The appellants filed a memorandum of law opposing dismissal. The appellees did not file a memorandum in response to our July 28, 2021 order.

I

We first address whether the portion of this appeal challenging the trial court's May 6, 2021 judgment in the lis pendens case is moot. The appellants argue that we should not dismiss the appeal as moot because (1) they timely filed a motion for review of the order denying their motion for stay, (2) they have a statutory right to appeal the judgment granting the application to discharge their lis pendens, and (3) even if this appeal is moot, the appeal satisfies the exception to mootness for matters that are capable of repetition yet evading

review. We are not persuaded by the appellants' arguments.

## A

The appellants argue that, because they filed a timely motion for review of the trial court's order denying their motion for stay, they have complied with the necessary requirements to preserve their appellate rights and their appeal is, therefore, not moot. Essentially, the appellants' argument is that, in light of their timely motion for review, the trial court's judgment discharging the lis pendens could not be recorded on the land records until this court decided the motion for review. The problem with the appellants' argument is that it is predicated on the erroneous premise that, after the trial court denied their motion for a discretionary stay, there was an automatic stay of that order while the motion for review was pending. A discussion of the interplay of the applicable statutes and rules of practice makes clear the appellants' error.

Section 52-325c provides the procedures by which a party whose lien has been ordered discharged pursuant to General Statutes § 52-325b (b) may stay the effect of that order. Section 52-325c (b) requires that an appeal be taken within seven days of the court's judgment and provides for an automatic stay during that period. The appealing party may also, within that seven day window, apply for a stay of the effect of the order pending appeal. See General Statutes § 52-325c (b). The filing of an application for a stay automatically extends the initial seven day stay until a decision on the application is rendered. See General Statutes § 52-325c (b). Accordingly, a stay is only automatic, under § 52-325c, for seven days from the date of the court's order discharging the lis pendens unless, within those seven days, the aggrieved party appeals the order *and* applies for a further stay pending appeal, in which case the seven day stay automatically is extended until the court renders its decision as to whether to stay the effect of its order until the appeal is decided. If the court denies a request for a stay, however, there is no further automatic stay provided by § 52-325c. Once the trial court denies a motion for stay, the clerk of the court may deliver to the parties certified copies of the order discharging the lis pendens. General Statutes § 52-325c (d).

The automatic appellate stay generally provided in noncriminal cases by Practice Book § 61-11 (a) does not apply to orders discharging lis pendens because the stay of execution in lis pendens cases is provided by statute.[6] The appellants' motion for review filed pursuant to Practice Book §§ 61-14 and 66-6 did not create a stay of execution because the trial court had denied the appellants' request for a discretionary stay pursuant to § 52-325c (b). If the appellants wanted a further stay while their motion for review was pending before this court, they needed to file a motion directed to this court

requesting a temporary stay of execution until their motion for review was decided. Indeed, Practice Book § 61-14 provides in relevant part: "In any case in which there is no automatic stay of execution and in which the trial court denies, or refuses to rule on, a motion for stay, an aggrieved party may file a motion requesting a stay of execution of the judgment from the court having appellate jurisdiction pending the filing of and ruling upon a motion for review. . . ."

The clerk of the court delivered the order discharging the lis pendens to the parties on June 23, 2021, nine days after the trial court had denied the appellants' motion for stay. On June 29, 2021, the appellees recorded the order discharging the lis pendens on the land records. Because the trial court denied the appellants' motion for stay on June 14, 2021, and the appellants never sought a stay from this court pursuant to Practice Book § 61-14, there was no stay in effect when the clerk delivered the order discharging the lis pendens or when the appellees recorded the order on the land records. Thus, the appellees were well within their rights when they filed on the land records the order discharging the lis pendens.

B

The appellants also argue that we should not dismiss their appeal as moot because they timely filed their appeal within the seven day appeal period mandated by § 52-325c. This argument, however, does not overcome the fact that we cannot grant the appellants any practical relief in this appeal because the appellees effected the discharge of the lis pendens on filing the court's order on the land records on June 29, 2021, when there was no appellate stay in effect.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Citation omitted; internal quotation marks omitted.) *Lichtman* v. *Beni*, 280 Conn. 25, 30,

905 A.2d 647 (2006).

The timely filing of an appeal does not, by itself, preclude an appeal from becoming moot. See, e.g., id., 31–33 (appeal was dismissed where plaintiffs recorded order discharging mechanic's lien on land records after defendant filed timely appeal of order); *Lucas* v. *Deutsche Bank National Trust Co.*, 103 Conn. App. 762, 767–68, 931 A.2d 378 (appeal was moot where defendant recorded certified copy of order discharging judgment lien after plaintiff filed timely appeal of order), cert. denied, 284 Conn. 934, 935 A.2d 151 (2007). Without a valid stay in effect, the appellants were able to perfect the court's order of discharge by recording it on the land records. See *Lichtman* v. *Beni*, supra, 280 Conn. 31–33; *Lucas* v. *Deutsche Bank National Trust Co.*, supra, 767–68. That action renders this appeal moot as to the appellants' lis pendens. The lis pendens cannot be resurrected after they have been discharged.

Our Supreme Court's decision in *Lichtman* v. *Beni*, supra, 280 Conn. 25, is instructive. *Lichtman* concerned a trial court's order discharging a mechanic's lien pursuant to General Statutes § 49-35b. Id., 29. Our Supreme Court dismissed the defendant's appeal as moot because the plaintiffs had properly filed the certified copy of the court's discharge order on the land records after the defendant failed to request a stay following the trial court's order discharging the mechanic's lien. Id., 33. The court concluded: "Because the discharge order was duly issued and recorded, the lien no longer exists. We are unwilling to undermine the integrity of the land records and, therefore, are unable to provide the defendant with any practical relief." Id., 36.

Practice Book § 61-14 provides appellants challenging judgments discharging lis pendens with a remedy of receiving a temporary stay from this court pending the filing of and ruling on a motion for review. In failing to avail themselves of that option, the appellants bore the risk that the appellees would record the discharge order on the land records before their motion for review could be decided. As with the mechanic's lien in *Lichtman*, because the order discharging the appellants' lis pendens was duly issued and recorded, the lis pendens no longer exist. We are, therefore, unable to provide the appellants with any practical relief.

C

The appellants argue that, even if their appeal from the order discharging the lis pendens is moot, we should nevertheless consider the merits of their appeal because it presents a matter that is capable of repetition yet evading review. We do not agree.

"We note that an otherwise moot question may qualify for review under the capable of repetition, yet evading review exception. To do so, however, it must meet three requirements. First, the challenged action, or the effect

of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, [the appeal] must be dismissed as moot." (Internal quotation marks omitted.) *Tappin* v. *Homecomings Financial Network, Inc.*, 265 Conn. 741, 747, 830 A.2d 711 (2003). We conclude that this lis pendens case does not meet the first requirement for review under the capable of repetition yet evading review exception.

The appellants claim that an order discharging lis pendens is necessarily of limited duration because the party challenging the order must move quickly to prevent the order from being recorded on the land records. They note that in this case the same trial court discharged the lis pendens and then denied their motion to stay. They argue that, "[w]hen it denied the motion to stay, the trial court also effectively denied the [appellants] an opportunity to appeal the ruling on discharging the lis pendens." We disagree.

As set forth in parts I A and B of this opinion, the appellants had procedures available to them to prevent their appeal from becoming moot. Although they availed themselves of many of those procedures by taking a timely appeal, filing a timely motion for stay in the trial court, and seeking review from this court of the trial court's denial of their motion for stay, the appellants failed to take the necessary next step of seeking a stay from this court pursuant to Practice Book § 61-14. Thus, their appeal was rendered moot not due to the "inherently limited duration" of the proceeding before the trial court but due to their failure to seek the appropriate remedy from this court. Consequently, the appellants have failed to demonstrate that the substantial majority of appeals from orders discharging lis pendens will become moot before those appeals can be decided.

II

We also ordered the parties to file memoranda to address why this appeal should not be dismissed as to the breach of contract case because a final judgment had not been rendered in that matter. The appellees did not file a memorandum, and the appellants' memorandum did not address this issue. We conclude that the portion of this appeal filed in connection with the breach of contract case was not taken from a final judgment and, therefore, we lack subject matter juris-

diction to entertain it.

The subject matter jurisdiction of this court and our Supreme Court is limited by statute to final judgments. General Statutes § 52-263. Our appellate courts lack jurisdiction to hear an appeal that is not brought from a final judgment. See *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983). "Thus, even where the appellee fails to bring to our attention the lack of [a] final judgment, either by motion to dismiss or in its brief, or at oral argument, we must, nonetheless, act sua sponte." *Mac's Car City, Inc.* v. *DiLoreto*, 33 Conn. App. 131, 132, 634 A.2d 1187 (1993).

The appellants' appeal form indicated that they were challenging the trial court's order in the lis pendens case granting the application to discharge the lis pendens, but the appellants also listed the case name and docket number for the breach of contract case in the section of the appeal form entitled "Additional Trial Court Docket Numbers Appealed." The appellants had filed an amended complaint in the breach of contract case fewer than two weeks before they filed this appeal. The appellees had not filed any pleadings in response to the amended complaint when this appeal was filed, and the trial court had not issued any orders from which an appeal could be filed in the breach of contract case. Thus, no final judgment had been rendered in the breach of contract case when this appeal was filed.

The appeal is dismissed as moot to the extent that it challenges the judgment in *Brookstone Homes, LLC* v. *Merco Holdings, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-21-6139513-S; the appeal is dismissed for lack of a final judgment to the extent that it was filed in connection with *Merco Holdings, LLC* v. *CT Karka, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-21-6149041-S.

In this opinion the other judges concurred.

[1] Our July 28, 2021 order reads as follows: "In the following matter, counsel are hereby ordered, sua sponte, to file memoranda of not more than ten (10) pages on or before August 27, 2021, giving reasons, if any, why the portion of this appeal challenging the trial court's May 6, 2021 judgment in *Brookstone Homes, LLC* v. *Merco Holdings, LLC*, Docket No. HHD-CV-21-6139513-S, should not be dismissed as moot because the order discharging the lis pendens has been recorded on the land records (see *Lichtman* v. *Beni*, 280 Conn. 25, 905 A.2d 647 (2006); *Lucas* v. *Deutsche Bank National Trust Co.*, 103 Conn. App. 762, 931 A.2d 378, cert. denied, 284 Conn. 934, 935 A.2d 151 (2007)); and why the portion of this appeal from *Merco Holdings, LLC* v. *CT Karka, LLC*, Docket No. HHD-CV-21-6149041-S, should not be dismissed because a final judgment has not entered in that matter. (See General Statutes § 52-263; *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983))." (Footnote omitted.)

[2] The appellees did not file a memorandum in response to our July 28, 2021 order. After the appellants filed a memorandum and the deadline imposed by our order had passed, the appellees filed a motion for leave to respond to the appellants' memorandum. Because we are dismissing this appeal, no action is necessary on the appellees' motion for leave.

[3] Most of the defendants in the breach of contract case are plaintiffs in *Brookstone Homes, LLC* v. *Merco Holdings, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-21-6139513-S (lis pendens case). The sixteen plaintiffs in the lis pendens case are Brookstone Homes, LLC; Bunker Hill Properties, LLC; Austin Heights CT, LLC; Diamond Court CT, LLC;

Waterbury Plaza, LLC; Valley View Townhouse, LLC; Pine Meadow Townhouse, LLC; Forest Park Apartment Homes, LLC; Forest Park Office Green, LLC; Briarwood Hills, LLC; Hunters Crossing, LLC; Renwood Apartments, LLC; Oakridge Realty, LLC; Ivy Woods CT, LLC; Fieldside Apartments, LLC; and Seramonte Estates, LLC. These sixteen plaintiffs are the appellees in this appeal.

CT Karka, LLC; CT Deros, LLC; Meknes, LLC; Farmington Real Estate Holdings, LLC; Renwood Real Estate Holdings, LLC; North Haven Apts, LLC; Seramonte Estates AB, LLC; Alabama Brook, LLC; Alabama Brook #2, LLC; and Orohena, LLC are not parties to the lis pendens case but are appellees in this appeal.

[4] See footnote 3 of this opinion.

[5] General Statutes § 52-325c provides: "(a) Any order entered as provided in subsection (b) of section 52-325b shall be deemed a final judgment for the purpose of appeal.

"(b) No appeal shall be taken from such order except within seven days thereof. The effect of such order shall be automatically stayed for such seven-day period. If an appeal is taken within such seven-day period, the party taking such appeal may, within such period, file an application with the clerk of the court in which such order was issued, requesting a stay of the effect of such order pending such appeal, which application shall set forth the reasons for such request. A copy of such application shall be sent to the adverse party by the applicant. Upon the filing of such application, the effect of such order shall be further stayed until a decision is rendered thereon. A hearing on such application shall be held promptly. Such order shall be stayed if the party taking such appeal posts a bond, as provided in subsection (c) of this section.

"(c) Upon the hearing on such application, the court shall: (1) Upon motion of the party taking the appeal set an amount of bond with surety for the stay of such order as provided in subsection (b) of this section, which amount shall be as the court deems sufficient to indemnify the adverse party for any damages which may result from the stay. If the party taking the appeal gives such bond the order shall be stayed; or (2) grant the stay; or (3) deny the stay; or (4) condition the granting of the stay upon the giving of such a bond.

"(d) Any order of discharge or any order of any stay shall take effect upon recording of a certified copy thereof in the office of the town clerk in which such notice of lis pendens was recorded. The clerk of the court in which any such order is issued shall not deliver any certified copies thereof until the time for taking an appeal has elapsed or, if an appeal is taken and an application for a stay of such order is filed, until such time as a decision granting or denying such stay has been rendered.

"(e) When a certified copy of such order of discharge of notice of lis pendens has been recorded, such discharged notice of lis pendens shall not be deemed to constitute constructive notice of the claim of the party recording such notice to any third party who acquires his interest in the particular property either before or after the recording of such discharge."

[6] "*Except where otherwise provided by statute* or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. . . ." (Emphasis added.) Practice Book § 61-11 (a).