******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RETAINED REALTY, INC. *v.* CHRISTOPHER
A. SELKE ET AL.
(AC 47040)

Elgo, Suarez and DiPentima, Js.

*Syllabus*

The defendant property owner appealed from the judgment of foreclosure
by sale rendered by the trial court for the plaintiff in a mortgage foreclosure
action. *Held*:

This court dismissed the defendant's appeal as moot because, after the trial
court had terminated the appellate stay, it approved the committee's sale
of the defendant's property, which extinguished his right of redemption and,
thereafter, title to the property vested in the successful bidder.

Submitted on briefs September 17—officially released
November 5, 2024

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the named defendant et al. were defaulted for failure to plead; thereafter, the defendant Point Digital Finance, Inc., was defaulted for failure to disclose a defense; subsequently, the court, *Hon. Robert L. Genuario*, judge trial referee, granted the plaintiff's motion for summary judgment; thereafter, the court, *Hon. Robert L. Genuario*, judge trial referee, granted the plaintiff's motion for a judgment of foreclosure by sale and rendered judgment thereon, from which the named defendant appealed to this court; subsequently, the court, *Hon. Robert L. Genuario*, judge trial referee, granted the plaintiff's motion for termination of the stay of execution; thereafter, the court, *Hon. Kevin Tierney*, judge trial referee, granted the plaintiff's motion for approval of the committee sale; subsequently, the court, *Hon. John F. Kavanewsky, Jr.*, judge trial referee, granted the motion to open filed by the

defendant Bay Tree Lane I, LLC, solely to substitute Point Titling Trust as a party defendant. *Appeal dismissed.*

*Christopher A. Selke*, self-represented, filed a brief as the appellant (named defendant).

*Taryn D. Martin* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. On September 17, 2024, this court ordered that the parties, the plaintiff, Retained Realty, Inc., and the defendant Christopher A. Selke,[1] file supplemental memoranda addressing whether the defendant's appeal from the trial court's judgment of foreclosure by sale of the defendant's property should be dismissed as moot where, after the trial court terminated the appellate stay, it approved the committee's sale of the property on April 5, 2024, which extinguished the defendant's right of redemption, and, thereafter, title to the property vested in the successful bidder. See *U.S. Bank, National Assn.* v. *Fitzpatrick*, 206 Conn. App. 509, 514–15, 260 A.3d 1240 (2021); *Connecticut Savings Bank* v. *Howes*, 9 Conn. App. 446, 447–48, 519 A.2d 1216 (1987). Neither party filed a response to this order. After a careful review of the record, briefs, and appendices on file, we have determined that this appeal is moot. See, e.g., *BNY Western Trust* v. *Roman*, 102 Conn. App. 265, 266–67, 926 A.2d 36 (after sale is

[1] The complaint named Park Tower Stamford Association, Inc., Point Digital Finance, Inc., and Bay Tree Lane I, LLC, as additional defendants. The trial court defaulted Park Tower Stamford Association, Inc., and Bay Tree Lane I, LLC, for failure to plead and Point Digital Finance, Inc., for failure to disclose a defense. Thereafter, the court substituted Point Titling Trust as a party defendant for Bay Tree Lane I, LLC. None of these entities has participated in this appeal. Accordingly, all references in this opinion to the defendant are to Selke alone.

approved and relevant appeal periods have expired, any action by mortgagor to redeem should be dismissed as moot), cert. denied, 284 Conn. 935, 937 A.2d 693 (2007).

The appeal is dismissed.