******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## CITY OF NORWICH *v.* THE BRENTON FAMILY TRUST ET AL.
### (AC 46858)

Bright, C. J., and Moll and Cradle, Js.

*Syllabus*

The defendant, who had been granted permission to be made a party defendant, appealed from the trial court's denial of her motion to open the judgment of foreclosure by sale rendered in favor of the plaintiff city in a municipal tax lien foreclosure action. The defendant claimed, inter alia, that the court abused its discretion in denying her motion without a hearing. *Held*:

This court dismissed the defendant's appeal as moot because it could not afford her any practical relief and, accordingly, lacked subject matter jurisdiction over her claims, as the defendant, during the pendency of the appeal, conveyed the property to a third party, leaving her with no legal or equitable interest in the property in her individual capacity.

The appeal was not saved by the collateral consequences doctrine, as the defendant's proposed collateral consequences were inadequately briefed and asserted nothing more than abstract, purely speculative injuries.

Submitted on briefs September 20—officially released November 12, 2024

*Procedural History*

Action to foreclose municipal tax liens on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of New London, where the named defendant was defaulted for failure to appear; thereafter, the court, *Calmar, J.*, rendered a judgment of foreclosure by sale, and Sheri Speer appealed to this court, *Prescott, Cradle* and *DiPentima, Js.*, which affirmed the judgment of the trial court and remanded the case for the purpose of setting new law days; subsequently, the court, *Calmar, J.*, approved the committee's motion for approval of the sale, and Sheri Speer appealed to this court, which dismissed the appeal; thereafter, the court, *Hon. Emmet L. Cosgrove*, judge trial referee, granted Sheri Speer's motion to be made a party defendant; subsequently, the court, *Hon. Emmet L. Cosgrove,*

judge trial referee, granted the plaintiff's motion to reset the sale date; thereafter, the defendant Sheri Speer appealed from, inter alia, the judgment of foreclosure by sale to this court, *Alvord, Cradle* and *Clark, Js.*, which affirmed the judgment of the trial court; subsequently, our Supreme Court denied the defendant Sheri Speer's petition for certification to appeal; thereafter, the court, *Goodrow, J.*, denied the defendant Sheri Speer's motion to open the judgment of foreclosure by sale, and the defendant Sheri Speer appealed to this court. *Appeal dismissed.*

*Sheri Speer*, self-represented, filed a brief as the appellant (defendant).

*Opinion*

PER CURIAM. In this municipal tax lien foreclosure action, the defendant Sheri Speer[1] appeals from the judgment of the trial court denying (1) her July 20, 2023 motion to open the judgment of foreclosure by sale rendered in favor of the plaintiff, the city of Norwich, and (2) her motion to reargue that denial. On appeal, the defendant claims that the court (1) abused its discretion in denying the motion to open without a hearing, (2) misinterpreted this court's decision in *Norwich* v. *Brenton Family Trust*, 218 Conn. App. 905, 291 A.3d 650, cert. denied, 347 Conn. 906, 297 A.3d 567 (2023), and (3) committed plain error in denying the motion to open. We do not reach the merits of the defendant's claims because, during the pendency of this appeal, the defendant conveyed the property by way of a quitclaim

---

[1] The Brenton Family Trust and Danjon Capital, Inc., were named as defendants in the complaint. Approximately three years after the complaint had been filed, the trial court granted Speer's motion to be made a party defendant. The Brenton Family Trust, which was defaulted for failure to appear, is not participating in this appeal. Danjon Capital, Inc., also is not participating in this appeal. Accordingly, we refer to Speer as the defendant.

deed to a third party, and, accordingly, we dismiss this appeal as moot.[2]

The following procedural history is relevant to our resolution of this appeal. In 2019, the plaintiff commenced this foreclosure action with respect to property located at 110 McKinley Avenue in Norwich (property) against The Brenton Family Trust and Danjon Capital, Inc. The complaint alleged, inter alia, that BMW, LLC, was the record owner of the property on October 1, 2015, October 1, 2016, and October 1, 2017, and that taxes in the amounts of $1650.88, $3280.22, and $3256.66, respectively, were duly assessed upon the property, became due and payable, and remained unpaid. The complaint further alleged that The Brenton Family Trust had become the owner of the property by virtue of a quitclaim deed dated and recorded January 12, 2018.

The Brenton Family Trust was defaulted for failure to appear and, on January 17, 2020, the defendant, then a nonparty, filed a motion to be made a party defendant, claiming that she had recently acquired title to the property. On February 3, 2020, the court denied the motion without prejudice to the defendant filing a copy of the recorded deed with the court, which she did not do. On February 18, 2020, the court rendered a judgment of foreclosure by sale. On February 28, 2020, the defendant filed an appeal from the denial of her motion to be made a party defendant and from the judgment of foreclosure by sale. This court summarily affirmed the trial court's judgment and remanded the case for the purpose of setting a new sale date. See *Norwich* v. *Brenton Family Trust*, 202 Conn. App. 905, 244 A.3d 186 (2021).

---

[2] The plaintiff did not file a brief in this court. On May 15, 2024, this court ordered that this appeal shall be considered on the basis of the defendant's brief and appendix, the record, as defined by Practice Book § 60-4, and oral argument by the defendant, if not waived. The defendant subsequently waived oral argument before this court.

On remand, the sale took place on September 18, 2021, and resulted in the sale of the property to two nonparties. On September 27, 2021, the committee of sale filed a motion for approval of the sale, which the court granted on October 13, 2021. On October 25, 2021, the defendant filed an appeal from the court's order granting the motion for approval. On November 18, 2021, this court dismissed that appeal for lack of subject matter jurisdiction as a result of the defendant's then status as a nonparty.

On May 10, 2022, the defendant filed another motion to be made a party defendant, appending thereto a copy of a January 2, 2020 recorded quitclaim deed showing a transfer of the property from The Brenton Family Trust to the defendant. On June 21, 2022, the court granted that motion, without objection. The defendant did not file a motion to open the judgment at that time. On June 28, 2022, the defendant filed an answer and a special defense, alleging that "BMW, LLC, was not in legal existence and was not the owner of the property subject to this action at the times alleged in the complaint and therefore the plaintiff cannot recover as a matter of law per Practice Book § 10-70."[3] The successful bidders ultimately did not consummate the sale, and, on June 30, 2022, the trial court rendered a judgment of foreclosure by sale and reset the sale date to September 10, 2022. Meanwhile, on July 5, 2022, the defendant

---

[3] Practice Book § 10-70 provides in relevant part: "(a) In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) the ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) (to be used only in cases where the lien has been continued by certificate) that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section. . . ."

filed a motion for summary judgment arguing that she was entitled to judgment as a matter of law with respect to her special defense. This motion was not adjudicated. On July 11, 2022, the court rendered a corrected judgment of foreclosure by sale, which corrected a typographical error.

On July 11, 2022, the defendant filed a motion to reargue the June 30, 2022 foreclosure judgment. On July 25, 2022, the court denied that motion. On August 1, 2022, the defendant filed an appeal from the June 30, 2022 foreclosure judgment, the July 11, 2022 corrected foreclosure judgment, and the July 25, 2022 denial of her motion to reargue the foreclosure judgment. This court summarily affirmed the trial court's judgment. See *Norwich* v. *Brenton Family Trust*, supra, 218 Conn. App. 905. On June 27, 2023, our Supreme Court denied the defendant's petition for certification to appeal. See *Norwich* v. *Brenton Family Trust*, 347 Conn. 906, 297 A.3d 567 (2023).

On July 20, 2023, the defendant filed a motion to open the foreclosure judgment, arguing that the trial court should open the judgment and consider her motion for summary judgment. On August 7, 2023, the court denied the defendant's motion to open,[4] and, on August 21, 2023, the court denied the defendant's August 14, 2023

---

[4] On February 8, 2024, pursuant to an order of this court, the trial court filed a memorandum of decision setting forth the factual and legal basis for its August 7, 2023 order. The court reasoned in part: "[The defendant] did not file the motion to open the judgment of foreclosure by sale until August 7, 2023 ([docket entry] #212), well over a year after she obtained party status. Although the defendant argued that the Appellate Court agreed with her that the appropriate remedy was a motion to open judgment, rather than an appeal, [no] such decision was articulated by the Appellate Court. The motion to open the judgment was denied, in the court's discretion, finding that the request to open the judgment was not reasonable given the passage of time that had elapsed since [the defendant] was made a party defendant, and that it was unreasonable to open the judgment, under the circumstances."

motion to reargue the August 7, 2023 denial. On August 25, 2023, the defendant filed this appeal.

On August 30, 2023, pursuant to Practice Book § 61-11 (d) and (e), the plaintiff filed a motion to terminate the automatic appellate stay set forth in § 61-11 (a). On September 6, 2023, the defendant filed an opposition to the motion to terminate stay. On November 2, 2023, following a hearing held that same day, the court granted the motion to terminate stay. On November 8, 2023, the defendant filed a motion for review of the November 2, 2023 order. See Practice Book § 61-14. On February 7, 2024, this court granted review but denied the relief requested.

During the pendency of this appeal, by virtue of a July 12, 2024 motion to intervene filed in the trial court by 110 McKinley Avenue, LLC, this court became aware of a July 5, 2024 quitclaim deed, which was appended to the motion to intervene, reflecting the defendant's conveyance of the property to 110 McKinley Avenue, LLC.[5] Accordingly, on September 4, 2024, we ordered, sua sponte, the defendant "to file a supplemental memorandum of no more than 2000 words on or before September 16, 2024, addressing whether this appeal by the defendant has been rendered moot; see, e.g., *Rocco* v. *Shaikh*, 184 Conn. App. 786, 798–806, [196 A.3d 366] (2018); by virtue of a July 5, 2024 quitclaim deed conveying the subject property from the defendant to a third party, as documented in the July 12, 2024 motion to intervene filed in the trial court." On September 16, 2024, the defendant filed a supplemental memorandum in accordance with our order. For the reasons that follow, we conclude that this appeal is moot and is not saved by the collateral consequences doctrine. Accordingly, we lack subject matter jurisdiction to entertain the defendant's claims.

---

[5] The defendant is the managing member of 110 McKinley Avenue, LLC.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Internal quotation marks omitted.) *Brookstone Homes*, *LLC* v. *Merco Holdings*, *LLC*, 208 Conn. App. 789, 798–99, 266 A.3d 921 (2021).

The collateral consequences doctrine provides an exception to the mootness doctrine. "[F]or a litigant to invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Where there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the

case can afford the litigant some practical relief in the future. The reviewing court therefore determines, based upon the particular situation, whether the prejudicial collateral consequences are reasonably possible." *State* v. *McElveen*, 261 Conn. 198, 208, 802 A.2d 74 (2002).

In her supplemental memorandum, the defendant relies on the collateral consequences doctrine and maintains that this appeal has not been rendered moot as a result of her conveyance of the property to a third party. Specifically, the defendant argues that the trial court's denial of her motion to open entails the following adverse collateral consequences: "(1) to deny [her] due process as protected by the fifth amendment [to the United States constitution], for which she could later seek a remedy; (2) preclusion of her ability to prosecute her cross claim against appellee Danjon Capital [Inc.] and to receive those proceeds; (3) entry of a judgment against [her] without due process, which would stand as of public record and impair [her] credit; (4) an effect that would require future adjustments of the closing relative to the buyer that acquired the property subject to this action; and (5) ratifying the motion to open would ratify the associated committee fees incurred that otherwise would not have [been] had the motion been denied."

These proposed collateral consequences lend the defendant no support because, at a minimum, they are not only inadequately briefed, but they also assert nothing more than abstract, purely speculative injuries. See *Robb* v. *Connecticut Board of Veterinary Medicine*, 204 Conn. App. 595, 611, 254 A.3d 915 ("We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly.

. . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.)), cert. denied, 338 Conn. 911, 259 A.3d 654 (2021).

In sum, the defendant acknowledges that she transferred the property to a third party during the pendency of this appeal. As a third party presently has legal title to the property, the defendant no longer has any legal or equitable interest in the property in her individual capacity. Accordingly, because there is no practical relief that we could afford the defendant, this court lacks jurisdiction to entertain the defendant's claims on appeal. See *Rocco* v. *Shaikh*, supra, 184 Conn. App. 805–806.

The appeal is dismissed.